(February 26, 1908.)

I. A. WEST & CO. et al., Plaintiffs, vs. THE BOARD OF COMMISSIONERS OF THE COUNTY OF LATAH, STATE OF IDAHO, a Municipal Corporation, Defendant.

[94 Pac. 445.]

LIQUOR LICENSE—AUTHORITY TO ISSUE—DISCRETIONARY POWER OF THE BOARD OF COUNTY COMMISSIONERS—AMENDMENT OF STATUTES.

1. Sec. 2 of the act of March 4, 1901 (Laws of 1901, p. 13), having been added to and made a part of the act of February 6, 1891, as amended February 2, 1899, becomes a part of said act, and in the absence of authority to be found in said added section to issue such license, the law of 1891 as amended February 2, 1899, vesting such authority in the board of county commissioners, will govern.

2. Where the power to issue a license for the sale of intoxicating liquors, not to be drank in, on or about the premises where sold, is

vested in the board of county commissioners and they are granted discretionary powers in the issuing of said license, and authorized to refuse such license upon their own motion, or upon objections duly filed upon the part of any citizen or resident of the precinct within which it is intended to carry on such sale, when in their judgment the granting of such license will not be conducive to the best interest of the community in which such saloon or business is proposed to be established, their action in refusing to grant a license to such applicant cannot be interfered with or controlled by a mandate from this court.

3. Where the title to an act provides for amending another act and adding thereto a section, and the body of the act provides for the amendment but makes no addition of the section, the omission does not render such amendatory act unconstitutional or void.

4. An amended section of an act takes the place of the original section in the act amended, and the failure of the legislature in amending the same section of the original act a second time, to specifically refer to it as having been amended by the first amendatory act, does not affect the validity or constitutionality of the second amendment of the amended section.

(Syllabus by the court.)

An original proceeding in this court for a writ of mandate to compel the board of county commissioners of Latah county to issue a license to the applicant to sell intoxicating liquors not to be drank in, on or about the premises where sold. Demurrer to the petition. *Demurrer sustained and case dismissed.*

Stewart S. Denning, for Appellants.

The amendments to the law were simply to secs, 2, 3, 6 and 4 of the act of 1891. They are related to one subject and are restrictive in their nature. (*Gerding v. Commissioners,* 13 Ida. 444, 90 Pac. 357; *Mullen & Co. v. Moseley,* 13 Ida. 457, 121 Am. St. Rep. 277, 90 Pac. 986.)

Wm. E. Stillinger, for Defendant, files no brief.

STEWART, J.—This is an original application in this court for a writ of mandate, against the board of commissioners of the county of Latah. The petitioners allege, in substance,

that they are partners, for the purpose of carrying on the liquor business, dealing in liquor, not to be drank in, on or about the premises where sold, in the town of Onaway, in the state of Idaho; that, on January 14, 1908, at a regular meeting of the board of county commissioners of Latah county, the petitioners herein presented to said board their application for a liquor license to sell intoxicating liquors in the village of Onaway, Latah county, for the period of one year, said liquor not to be drank in, on or about the premises where sold; that said petition was signed by the applicants and accompanied by a good and sufficient bond in the sum of $1,000, and by receipt of J. J. Keane, sheriff of Latah county, in the sum of $201, which was the amount of money paid by the plaintiffs to the sheriff of Latah county for the purpose of obtaining a license; that on the said 14th day of January, the plaintiffs were refused a license by said board, and are still refused the same; that the petitioners are beneficially interested, and have no plain, speedy or adequate remedy at law; that on January 18, 1908, an application was made to Hon. E. C. Steele, judge of the second judicial district of the state of Idaho, in which district said Latah county is situated, for a writ of mandate compelling said defendants to issue to plaintiffs herein a license as herein prayed for, which application was denied by said judge; that, in denying said license, the action of said board of commissioners was illegal and without authority of law.

To this petition the defendant filed a demurrer upon the ground that the same did not state facts sufficient to constitute a cause of action. There is also filed in this case and used on the hearing, a stipulation, which, among other things recites, "that the said board of county commissioners, upon their own motion, made and entered an order rejecting the said application for license, setting forth as their reason, that the granting of said license would not be conducive to the best interests of the community in which said saloon or business is proposed to be established."

It will thus be seen that there is but one question presented in this case, and that is, whether or not the board of

commissioners in refusing liquor license is vested with discretionary power, or whether or not they can be compelled by a writ of mandate to act in any particular way, upon an application for a liquor license.

The law of this state in relation to granting a license to sell intoxicating liquors is in a very unsatisfactory condition, especially with reference to a license to sell liquor not to be drank on the premises where sold. But the power now vested by law in the board of county commissioners, to grant or refuse a license, we think is plain and decisive. The first act of the legislature of this state dealing with the subject of granting a license to sell intoxicating liquors by the board of county commissioners was approved February 6, 1891, and makes it unlawful for any person to sell spirituous, malt or fermented liquors or wines to be drank on, in or about the premises where sold, without procuring a license and giving a bond.

Sec. 2 of this act requires application to be made to the board of county commissioners, and provides that they shall grant a license upon giving the bond required by the act and paying the fee provided by the act to the sheriff of said county.

This act expressly repealed sec. 1648, Rev. Stat., which authorized the tax collector to issue a license to persons desiring to sell intoxicating liquors in less quantities than one quart.

On March 9, 1895, the legislature passed an act purporting to amend sec. 4 of the act of February 6, 1891, but which, in fact, made no change whatever in said section, and also adding thereto what was designated as sec. 23, providing for issuing a license to persons selling liquors not to be drank in, on or about the premises where sold. This added section, however, said nothing whatever as to whom the money should be paid for the license, whether a bond shall be required, or by whom said license should be issued.

On February 2, 1899, the legislature passed another act which is practically a re-enactment of the act of March 9, 1895. On March 4, 1901, the legislature passed an act amend-

ing sec. 4 of the act of February 6, 1891, as amended on March 2, 1899. The only change was in relation to amount of the license fee, and the period for which the same might be issued. The act also purports to amend sec. 23 of the act of February 2, 1899. This is the section in relation to procuring a license to sell liquors not to be drank in, on or about the premises where sold. This amendment alters the section enacted in 1899, and provides that the license shall be granted for a period not less than one year, instead of not less than three months. It will thus be seen by these various acts that the only body authorized to grant a license is the board of county commissioners.

Sec. 23, as found in the acts of 1895, 1899 and 1901, in relation to issuing a license for the sale of intoxicating liquors not to be drank in, on or about the premises where sold, says nothing whatever as to the proceedings required to secure such license, or by whom such license shall be issued. But, inasmuch as no provision is made for issuing a license for the sale of intoxicating liquors, except by the board of county commissioners, it was evidently the intention of the legislature after sec. 1648 had been repealed by the act of 1891, and a law was passed at that session in relation to granting license for the sale of intoxicating liquors, to vest in the board of county commissioners the exclusive authority to grant licenses for the sale of intoxicating liquors. We are forced to this conclusion for the following reasons: First, because the section in relation to a license for the sale of intoxicating liquor not to be drank in, on or about the premises where sold is added to and made a part of the act dealing with the subject of granting a license for the sale of intoxicating liquors to be drank on the premises where sold. Second, that if this be not so, the section in relation to a license for the sale of intoxicating liquors not to be drank in, on or about the premises where sold would leave the issuing of such license without anyone having authority to issue the same. Unless the board of county commissioners had authority to issue the license, then no one had, and unless the license fee was payable to the sheriff as provided in the sec-

tion in relation to a retail license, then the person to whom such license fee was payable would be omitted entirely, and there would be no one authorized to receive the money for such license. Unless the legislature, by adding this section, intended that the same officer should receive the license fee and the same authority grant the license, as is provided for a license for the sale of liquor to be drank on the premises where sold, the section would be ineffectual as a license measure. It was clearly the intention of the legislature to place the issuing of a license for the sale of intoxicating liquor not to be drank in, on or about the premises where sold, with the same authority as was vested the power to issue a license for the sale of intoxicating liquors to be drank on the premises where sold. If this construction be correct, we are then led to the consideration of the act of March 12, 1907 (Laws of 1907, p. 219). This latter act purports to amend secs. 2, 3 and 6 of an act entitled "An Act regulating the sale of intoxicating liquors," passed and approved February 6, 1891, and to amend sec. 4 of an act entitled "An Act to regulate the sale of intoxicating liquors, approved February 6, 1891, as amended by an Act approved March 4, 1901."

Sec. 2 of the act of 1891, which was not in any way amended by either of the acts of 1895, 1899 or 1901, vested the authority to issue a license for the sale of intoxicating liquors, to be drank on the premises where sold, in the board of county commissioners. This authority, by the amendment of 1907, is vested in the board of county commissioners, and in that respect no change is made in the act of 1891. Sec. 3 of the act of 1891, which likewise was not amended by the acts of 1895, 1899 or 1901, provides for paying the license fee to the sheriff and the giving of the bond, and, among other things, provides: "That when an application is made for the sale of intoxicating liquors as in this section provided for a place outside of any incorporated city, either upon their own motion or upon objections duly filed upon the part of any citizen and resident of the precinct within which it is intended to carry on such sale, the county commissioners shall determine whether or not the granting of such license

will be conducive to the best interests of the community in which such saloon or business is proposed to be established, and whether or not such applicant is a fit person to have such license and carry on said business, and whether or not such place of sale and business will likely be conducted in a quiet, orderly and peaceable manner, and should said board of county commissioners determine adversely to the applicant upon any ground above specified, the license must be refused, and the sheriff shall return the amount deposited to said applicant; otherwise the said license may be granted; and such order of the board of county commissioners shall be subject to appeal to the district court as in the case of other orders of said board." Thus it will be seen by this act that authority is vested in the board of county commissioners either upon their own motion or upon objections filed by others, to refuse a license. It is entirely discretionary with the board whether or not they grant the license. The remedy of the applicant if he feels aggrieved, is by appeal to the district court. In this case as set forth above it stipulated "that the board of county commissioners refused the license in question, upon the grounds that it would not be conducive to the best interest of the community in which said saloon or business is proposed to be established." This, they had authority to do, and their discretionary action in this matter cannot be controlled by this court or any other court; the remedy is by appeal from the action of the board.

Looking at sec. 23 as found in the acts of 1895, 1899 and 1901, we find that this is the section which deals entirely with the sale of intoxicating liquors not to be drank in, on or about the premises where sold. This section was added to the law of 1891 by the act of March 9, 1895, the title of which reads:

"To amend section 4 and 23 of an act to regulate the sale of intoxicating liquors, approved February 6, 1891, and adding section 23 thereto."

Sec. 23 of the act of 1891, which this act purports to amend, provides for the time the act shall take effect, and in the body of the act of 1895 it provides that sec. 23 of said act is amended to read as follows:

"Sec. 24. This act shall take effect and be in force on the first day of July, 1895." Then follows "Insert in said act the following: Sec. 23." Then follow the provisions for a license for the sale of intoxicating liquors not to be drank in, on or about the premises where sold.

The title to the act of 1899 reads: "An Act relating to liquor licenses; and amending sections 4 and 23 of an act entitled 'An Act to regulate the sale of intoxicating liquors, approved February 6, 1891, and adding section 23 thereto.' "

Thus it will be seen that this act ignores entirely the Act of 1895. In the body of the act of 1899 it provides:

"Sec. 2. Section 23 of said Act is amended to read as follows:

"Section 23. This Act shall take effect and be in force on the first day of July, 1895."

Then follow the provisions for a license for the sale of intoxicating liquors not to be drank in, on or about the premises where sold. This act then amends sec. 23 of the act of 1891, which fixed the time of the taking effect of that act, by making the act of 1899 take effect on July, 1895; followed by the provisions with reference to the sale of liquor not to be drank in, on or about the premises. The act of 1899, however, while it says in the title that sec. 23 is added, yet in the body of the act it nowhere provides for the adding of sec. 23, but does provide for amending sec. 23 as above stated. The title, therefore, of the act is broader than the act itself, in that the title purports to add a section as 23, while the body of the act does not provide for such addition. The title of the act of 1901 reads as follows:

"An Act relating to liquor licenses and amending sections 4 and 23 of an Act entitled, 'An Act to regulate the sale of intoxicating liquors,' Approved February 6, 1891, as amended by an Act entitled, 'An Act relating to liquor licenses and amending sections 4 and 23 of an Act entitled, "An Act to regulate the sale of intoxicating liquors," approved February 6, 1891, and adding section 23 thereto,' passed February 2, 1899."

This title indicates that this act will amend secs. 4 and 23 of the act of 1891 as amended by the act of February 2, 1899. While in the body of the act sec. 2 is made to read:

"Section 23 of said Act, as amended February 2, 1899, is hereby amended to read as follows:" then follows the provisions for the sale of intoxicating liquors not to be drank in, on or about the premises where sold. While it is true, therefore, that sec. 23 of the act of 1895 was added as a part of the act of 1891, yet in the re-enactment of said statute in 1899, the provision as to adding said sec. 23 as a part of the act of 1891 was omitted from the body of the act, although it was provided for in the title, and sec. 23 of the act of 1891, which provides for the time the act should take effect was amended by the act of 1899, the provision for a license for the sale of intoxicating liquors to be drank in, on or about the premises where sold, becomes a part of said act by amendment and not by addition thereto. The amendments were in accordance with the requirements of the constitution unless the amendment made in 1899 is unconstitutional by reason of the fact that the title also provided for adding sec. 23 to the act of 1891, when the body of the act made no such provision. We do not think this would render the act of 1899 unconstitutional; the title covered everything there was in the act, and the fact that it provided for another section to be added, which is not found in the body of the act, would not render the act unconstitutional. (26 Ency. of Law, 2d ed., 579, 582, 593.) The failure of the legislature in amending sec. 23 of the act of 1891 a second time in 1899, without referring to the amendment of 1895, does not affect the constitutionality of the amendment of 1899. (*Fletcher v. Prather*, 102 Cal. 413, 36 Pac. 658.) The same is true of the acts of 1901 and 1907.

Counsel have argued the question as to the amount of license fee to be paid by a dealer in liquors not to be drank in, on or about the premises where sold. But it appears from the stipulation on file in this case that the question of the amount of fees to be paid for the license was not the cause which led the board of county commissioners to reject said license, as it is specifically stipulated that the board of county commis-

sioners on their own motion refused the license, for the reason that the granting of the same would not be conducive to the best interest of the community in which said saloon or business is proposed to be established. Upon this application, this court would not be warranted in determining a matter which does not appear from the pleadings to be in dispute in this case. It does not appear from the petition or the stipulation that the amount to be paid for the license was involved or was the reason which caused the board of county commissioners to exercise the discretion vested in them in the manner in which they acted. For these reasons the demurrer to the petition is sustained and the cause is dismissed. Costs awarded to the defendant.

Ailshie, C. J., and Sullivan, J., concur.