[No. 15619.  *En Banc.*  December 29, 1919.]

THE STATE OF WASHINGTON, *on the Relation of J. B. McMillan, as County Commissioner of Whatcom County, Respondent,* v. J. C. HILLS, *as Engineer of Whatcom County, Appellant.*[1]

HIGHWAYS (39)—LOCAL ASSESSMENTS—BENEFITS—APPORTIONMENT —STATUTES—CONSTRUCTION.  The provision in Rem. Code, § 5339, as amended by Laws of 1917, p. 242, § 5, that one-half of the benefits of road improvements shall be assessed against the county and one-fourth against the road district or township is not affected by the fact that § 5761, providing for payments in installments, was amended by Laws of 1919, p. 251, § 1, without reference to its prior amendment in 1917; since the amendment in 1919 merely added an exception as to the time for payment of assessments of $25 or less, in nowise altering the method of ascertaining the benefits.

SAME.  The amendment of Rem. Code, § 5761, by Laws of 1919, p. 230, § 1, which provides for payment in installments of the tax levied upon the "property assessed" for county road improvements, applies to the proportion to be paid by counties and road districts as well as to assessments on private property; but, in view of the whole act, the language may be construed as mandatory to grant the maximum period on installments apportioned to individuals, and discretionary as to the maximum time for payment of benefits apportioned to the county and road districts.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered September 24, 1919, upon findings in favor of the plaintiff, in man-

[1]Reported in 186 Pac. 295.

damus proceedings to compel a county engineer to proceed with highway improvements. Affirmed.

*C. E. Abrams,* for appellant.

*Loomis Baldrey* and *Frank W. Radley,* for respondent.

*Teal, Minor & Winfree, amici curiae.*

Holcomb, C. J.—The court below, after a due hearing upon proper proceedings, on September 24, 1919, granted a peremptory writ of mandate, directing the appellant, as county engineer, to proceed with the engineering work in connection with the road improvement mentioned in the petition of the relator and to perform in all ways the duties required of him by the resolutions adopted by the board of county commissioners on file in these proceedings, from which judgment the engineer appeals.

Appellant, as county engineer, had refused to proceed under two resolutions by the board of county commissioners providing for highway improvements, made upon petition after due hearing, the first on May 28, 1919, designated as highway No. 25, and the second on August 8, 1919, and after the amendment of 1919 was effective, designated as highway No. 26.

The petitions for these improvements were in accordance with the so-called "Donohue Road Law" of 1893, and the amendments thereto by the legislature of 1917 (Laws 1917, p. 238, ch. 72), as to highway No. 25, and the amendments of 1917 and also of 1919 (Laws 1919, p. 230, ch. 95), as to highway No. 26, and called for the improvements to be paid for in not to exceed twenty annual installments, which, at least as to highway No. 26, were in excess of the number of annual installments allowed by law.

It was the contention of appellant, in his refusal to proceed under the resolutions, and on this appeal, that "Chapter 95 of the Session Laws of 1919 so amended Sec. 5761 (Rem. & Bal. Code, as amended by chap. 72, sec. 17, Laws 1917 [p. 251]), that it will be impossible to divide the costs of the improvement chargeable to the county and the townships into annual installments, as the only provision for installments under the section as it now stands is for the assessments against property within the improvement district." This involves the construction of the amendatory acts, and it is stipulated that seventeen other counties of the state and a large number of pending contracts for road improvements are affected and a speedy determination is desired.

The case, however, does not involve any of the questions as to the status of Whatcom (and other) county bonds, as urged by counsel appearing as *amici curiae,* and insisting upon a determination thereof herein. Such questions will not be decided until met with in a proper case.

Whatcom county has township organization, and the resolutions of the board of county commissioners apportioned the estimated costs in ten annual installments for the improvement district and in five annual installments for the county and townships.

The trial judge very ably and accurately summarized and analyzed the legislation in question (excepting part) as follows:

"Under section 5 of chapter 72, Laws of 1917, p. 242, amending section 5739 of Remington & Ballinger's Code, it is made the duty of the county commissioners to appoint appraisers whose duty it shall be to assess the benefits of the improvement to the corporations, companies, persons and property particularly benefited by the same. These appraisers are required, under

the same section, to prepare a schedule, which shall set forth:

"First—The benefits assessed to the county for such improvement, which shall be one-half of the whole estimated cost thereof.

"Second—The benefits assessed to each road district or township through or into which the improvement is located, which assessment shall be equal upon all the assessed property in the road district or township according to the value thereof as shall appear upon the duplicate assessment roll of the county at the time, and which benefits shall be one-fourth of the whole estimated cost of the improvement within the boundary of the road district or township, and

"Third—The benefits assessed to the lots and lands lying within the proposed improvement boundary, et cetera.

"The same chapter 72 amended section 5761, Remington & Ballinger's Code, so as to provide for the payment of such improvement by annual installments by an annual tax levied upon the property assessed for the benefits in proportion to the benefits assessed, whenever the petition for the improvement shall so request.

"This section further provides that the petition shall set forth that the improvement shall be paid for by installments, and provides that the number of years shall be not more than twenty. In such case it is provided that the portion of the expense to be borne by the county, townships or road districts shall be levied and collected as other taxes, after the awarding of the contract, 'provided that the board of county commissioners shall, if the petitioners so request, arrange that the portion of the expense to be borne by the road districts or townships be paid in not to exceed five annual installments, and the board may in its discretion provide that the portion of the expense to be borne by the county be paid in not to exceed five annual installments, and shall divide that portion of the expense to be borne by the county, road district or townships, and also the lots and land lying within the proposed improvement boundaries and found to be

specially benefited, into as many equal parts as there are installments, and shall each year, when an installment is payable, extend the amount of the same, together with interest on the deferred payments at the rate of six percentum per annum, upon the duplicate assessment roll against the persons and property assessed for benefits,' et cetera.

"Chapter 95 of the act of 1919, entitled 'An Act Relative to Payment of Highway Assessments' and amending the said section 5761 of Remington & Ballinger's Code, consists of but one section. This section is in the exact language of the original section 5761, except that it contains, as an addition thereto, a provision to the effect that 'in the event that the entire assessment upon any single tract or parcel of land, or contiguous tracts or groups of tracts belonging to the same owner is $25 or less, such assessment shall become due and payable at the time the first general taxes next after the date of the levy shall become due, and the terms of this act relating to the payment of assessments in installments shall not apply to such assessments.'

"The section of the act, chapter 95, Laws of 1919, except the addition thereto respecting the payment of assessments of $25 or less, is as follows:

" 'When the petition shall so request, the improvements provided for under this chapter shall be paid for in annual installments by an annual tax levied upon the property assessed for benefits. The petition shall set forth 'that the improvement be paid for on the —— years installment plan,' and the number of years shall be not more than ten. When the improvement is done under the provisions of this section, the clerk of the board of county commissioners shall divide the total estimated cost of the improvement, including interest on deferred payments, into as many equal parts as there are installments, and shall each year when an installment is payable, enter the amount of the same upon the duplicate assessment roll against the persons and property assessed for benefits, and it shall be the duty of the county treasurer to collect the same the same as other taxes are collected.'

"It will thus be seen that while the petition is for an improvement to be paid for in annual installments, and the estimated cost of the improvement shall be divided into as many equal parts as there are installments, and that the amount of the same shall be entered upon the duplicate assessment roll of the county against the persons and property assessed for benefits, no express provision is made whereby the county commissioners may arrange for the payment of the portion to be borne by the county, road district, or townships in annual installments.

"It has been suggested that it is probable that the legislature intended to amend the law relating to the subject of payments of such improvements by adding thereto the provision respecting assessments for $25 or less, but that, through some oversight or inadvertence, the original section was in fact amended instead of the amended section of 1917. But chapter 95 is fair on its face and unambiguous, and the court in such case may not inquire into the history of this legislation.

"While the decisions are not uniform, the rule respecting construction of amendments is that, where a section of an original act has been amended, the amendment superseding the original section, a subsequent statute amending the original section by number, but not amending the section as amended, supersedes and repeals the amendatory law. 36 Cyc. 1055-1060, and cases cited; *Fletcher v. Prather,* 102 Cal. 413, 36 Pac. 658; *West & Co. v. Board of Com'rs of Latah County,* 14 Idaho 353, 94 Pac. 445; *Whitfield v. Davies,* 78 Wash. 256, 138 Pac. 883.

"It follows that the amendatory act of 1919 supersedes the amendment of 1917, and is the law.

"The amendment of 1919, as has been seen, does not contain any express language providing that road districts, townships or counties shall be empowered to arrange for the payment of the portion to be paid by such municipalities in annual installments, as did the amendment of 1917.

"But the section as amended does provide that when the petitions shall so request, the improvement 'shall be paid for in annual installments by an annual

tax levied upon the property assessed for benefits,'
and it has been seen that the schedule shall include
three different units or political subdivisions, which
are declared by the legislature to be subjects of bene-
fits, viz.: the county, road districts or townships, and
the private lands within the improvement boundary.

"As has been seen, section 5739, Remington & Bal-
linger's Code, as amended by the act of 1917, provides
that the appraisers appointed by the county commis-
sioners to assess the benefits of such proposed im-
provements to the corporations, companies, persons
and property particularly benefited thereby shall pre-
pare a schedule which shall set forth:

"First—The benefits assessed to the county.

"Second—The benefits assessed to each road dis-
trict or township through or into which the improve-
ment is located.

"Third—The benefits assessed to the private lots
and lands lying within the proposed improvement
boundary.

"It will thus be seen that the legislature has deter-
mined in advance that counties, road districts or
townships will be benefited as follows:

"The county, at least one-half of the cost of the
improvement, and each road district or township,
one-fourth of the cost of the same. This may be le-
gally done. *Board of Com'rs of Monroe County v.
Harrell,* 147 Ind. 500, 46 N. E. 124, and cases cited.

"This being the scheme for such improvement in
force at the time of the amendment of 1919, the lan-
guage of the latter must be read and interpreted in
connection with the other provisions of the law pro-
viding a plan for local improvements to be paid for
by assessments.

"The act of 1919, it has been seen, declares that
when the petition shall so request, the improvement
shall be paid for in annual installments by an annual
tax levied upon the property assessed for benefits,
and also the petition shall set forth that the improve-
ment be paid for on the —— years installment plan,
and the number of years shall not be more than ten.

"This act further provides that, when the improvement is done under the provisions of this section, the clerk of the board of county commissioners shall divide the total estimated cost of the improvement into as many equal parts as there are installments, and each year when an installment is payable, enter the amount of the same upon the assessment roll against the persons and property assessed for benefits, and it is made the duty of the county treasurer to collect the same as other taxes are collected.

"The whole context considered, it would appear that persons and property assessed for benefits, as those words appear in chapter 95, include all the persons and municipalities which are by section 5739 included in the schedule setting forth the benefits assessed and against whom assessed. Otherwise the amendment of 1919, which undertakes to provide for payment for such improvements in annual installments, would be of no force and virtue and only the cash payment plan for such improvements, provided for by section 5760, Remington & Ballinger's Code, would for practical purposes remain.

"It could not well be contended that the private property benefited by any such improvement should be made to bear the whole cost of the same, since section 5 of chapter 72 of the act of 1917, amending section 5739, Remington & Ballinger's Code, makes it the duty of the appraisers to schedule the benefits against counties and road districts or townships to the extent of one-half and one-fourth, respectively, of the cost of the improvement and finds the benefits to such political subdivisions to be in those proportions to the whole cost of the same.

"Section 5 of chapter 72, amending the act of 1917, p. 242, requiring that the appraisers shall prepare a schedule which shall set forth, as has been seen, the benefits assessed to the county, road districts or townships and the private property within the same, and finding that the benefits are as in that section enumerated, it may be argued that the legislature has provided three taxing districts which shall contribute to the cost of each road improvement made under the

road law in question, viz.: one, co-extensive with the
county but limited in the aggregate of all such im-
provements to four mills in any one year by section
5765, as amended by the act of 1917, a second embrac-
ing the road districts or townships through and into
which the improvement is located, and a third com-
posed of the private property lying within the pro-
posed improvement boundary, and as to each the pay-
ments shall be annually, not more than ten in number
and of equal installments, exclusive of interest, and
section 5762, Remington & Ballinger's Code, as
amended, provides for a special road improvement
fund in such cases.

"The whole of the law on the subject considered,
the court cannot believe that, by chapter 95 of the
Laws of 1919, the legislature intended either to im-
pose the whole of the cost of any road improvement
to be paid for by assessment upon the private prop-
erty in each district, or that the plan for any such
improvement should be limited to the cash plan. If
so, section 5739 of the code, as amended by the Laws
of 1917, it appears to the court, would have been
changed and a different scheme for such improvements
provided.

"Chapter 95 of the acts of 1919 must be construed
as herein construed, or else construed out of existence,
in so far as it pertains to payment for improvements
by installments. It must further be construed as
herein construed or else be given the effect of amend-
ing the whole plan and scheme for roadway improve-
ments and, as well, the apportionment of the cost
thereof as provided in section 5739, Remington & Bal-
linger's Code, as amended by the acts of 1917. Not
believing that the legislature had any such intention
in enacting chapter 95, and that no intention of revo-
lutionizing the road law was in the minds of those
composing that body, but that the intention was to
continue the existing plan in force, with a limitation
upon assessments of $25 or less against any single
tract or contiguous tracts belonging to the same owner,
it follows that the writ should be granted."

The opinion of the trial judge very logically sets forth the successive amendments and the probable purpose of the amendment of 1919, which is the basis of all contention.

The amendatory act of 1917 (Laws 1917, ch. 72, p. 238), was quite comprehensive. The amendment of 1919 (Laws 1919, ch. 95, p. 230), in nowise altered the scheme of procedure or the method of ascertaining the benefits conferred, respectively, upon the county, road districts or townships affected, and the land within the improvement district "particularly benefited," except as to the length of time of payment and division into annual installments and the requirement that assessments on tracts affected belonging to the same owner amounting to $25 or less should be collectible with the next annual taxes.

Appellant asserts that the words "property assessed for benefits" means only that property referred to in § 1, ch. 72, Laws of 1917, p. 238, as including the "property particularly benefited, or lands lying within two miles of either side of the center line of the improvement, and all road districts or townships which will be subject to assessment for the improvement."

Why exclude the county? In the same act it is clear that the county was legislatively declared to be assessable for the benefits, for by § 5739, subd. 1, Rem. & Bal. Code, it was provided that "The benefits assessed to the county for such improvement shall be one-half of the whole estimated cost thereof." In other words, as to the political subdivisions affected by the proposed improvement, the legislature, in its sovereign taxing capacity, fixed and apportioned the benefits and the resultant assessments to them. It is not and cannot be doubted that the legislature had such power. When, then, we find the legislature amending

the law by reenacting and amending the original § 5761, Rem. & Bal. Code, and no other provision, we must assume that it still had the same thing in mind, that the county was one of the political subdivisions to be assessed for benefits and in the same proportion as before. No other construction is possible.

Coming now to the specific effect of the amendment of 1919, it is evident that the effect thereof is not that the county's apportionment must be paid in cash in full when the first annual installment of assessments is due or before, but that the county and townships shall have the same maximum period and proportional installments as the owners in the particular improvement district for the cost of the highway. Under the law as it was theretofore, the owners of lands particularly benefited and within the improvement district had a maximum of twenty years' time and twenty installments, and the county and townships only five years' maximum period, when the petition initiating the improvement so prayed. Now, as the 1919 amendment provides:

"When the petition shall so request, the improvements . . . shall be paid for in annual installments by an annual tax levied upon the property assessed for the benefits. The petition shall set forth 'that the improvement be paid for on the —— years installment plan,' and the number of years shall not be more than ten," etc., etc. Laws 1919, p. 230, § 1.

The language is clear and could not be more specific or positive. When the petition prays for the improvement to be paid by installments for a period of not to exceed ten years, it must be so done, if done at all. There is room only for argument as to whether the county and township should not, under these provisions, be bound to the same maximum period and proportional installments as those of the owners par-

ticularly benefited, namely, the —— years installment plan petitioned for, not exceeding ten. But it is reasonable to construe the language as being mandatory upon the county commissioners to grant the maximum period, not exceeding ten years, and apportion the payment in installments accordingly to the persons particularly benefited, but discretionary as to the maximum time, not exceeding ten years, for payment of the benefits apportioned to the county and townships as the condition of their finances may justify. The general burden of cost of such improvements at any given time might be so slight that for a particular improvement petitioned for it might be desirable to pay at once or within one year, or two; or the burden from such improvements at a given time might be such that it would be necessary to extend the period for a much greater period, up to ten years. This, we conclude, the legislature left, within the limits mentioned, to the discretion of the county board.

The judgment is affirmed.

ALL CONCUR.