### ERASTUS PLUMBLY *vs.* THE COMMONWEALTH.

By the " act to amend the revised statutes," as well as by the statutes previously in force, if an indictment for a third offence recites two former convictions and sentences to a state prison, and they are' found by the verdict, the additional punishment, prescribed by that act, ought to be included in the sentence then passed upon the convict, and cannot legally be awarded against him on an information afterwards filed.

A convict, who has been sentenced to additional punishment for a second offence, is nevertheless liable to additional punishment for a third offence.

SHAW, C. J.    The plaintiff in error, a convict in the state prison, seeks to reverse a judgment against him, on an information for additional punishment, as upon a third conviction and sentence.

The first error assigned is, the insufficiency of the information, in setting forth two former convictions, by way of recital in a former information, instead of a direct averment.    We have already had occasion to remark on this, as an irregularity, without deciding whether a judgment would be void on that account. *Wilde's case,* (*ante,* 410.)    Such former convictions should be averred in such a manner that they may be traversed and put in issue.    We do not, however, yield to the force of the argument, that such former convictions must be set out *in extenso,* so that exceptions may be taken, on the information, to the validity and regularity of such convictions ; being judgments of a court of competent jurisdiction, they cannot be called in question in a collateral proceeding, as this information is, but they must be held valid until reversed on proper process.

But the main question is, whether the prisoner was liable to any additional punishment by any judgment on this information. If he was not, the judgment is obviously erroneous.

It appears by the record before us, that the prisoner was. convicted of larceny, at the court of common pleas at Northamp-· ton, at March term 1838 ; that the two former convictions,. both of which were for larceny, were fully set forth in said last mentioned indictment, and thereupon the prisoner was sentenced, as a common and notorious thief, to three days solitary imprison-ment, and afterwards to hard labor for the term of three years,

in the state prison.   The information further avers, that at the time of said conviction, the said court of common pleas, and the district attorney acting for the Commonwealth, did not know, and were not informed, that the said Plumbly had before received an additional sentence at the municipal court, as a sec ond comer to the state prison.

Upon this last averment it is proper to remark, that his receiving an additional punishment as a second comer does not render him less or more liable to receive a further additional punishment as a third comer.   The fact that he has been twice before sentenced and committed to the state prison and discharged, is not the less true, because he had before been truly informed against, as having been once before so sentenced and discharged.   On such third conviction and sentence, he is precisely within the words, and we think the spirit and intent, of the statute, which was to enhance the punishment, in proportion as the convict proves himself incorrigible by former punishment.

Nor, in our opinion, is it any objection to awarding the additional punishment as a second or third comer to the state prison, that one of the prior convictions was a sentence against the prisoner as a common and notorious thief.   This has been regarded as one conviction, upon one aggregate offence, and may be deemed as one of the convictions sufficient to found the sentence to additional punishment.   *Ex parte White,* 14 Pick. 90. Such increased punishment, upon repeated larcenies, may be founded upon the same considerations of expediency, as that upon second and third comers to the state prison.   But the two provisions are made *alio intuitu.*   The sentence on one as a common and notorious thief is a punishment for larceny only ; whereas the additional punishment on a second or third comer to the state prison is equally applicable, though one of the sentences is for larceny, and the others for offences of a different character ; and so also, if neither of them is for larceny.

But the specific objection to any judgment for additional punishment on this information is, that in the indictment, on which the last conviction was had, the two former convictions, on which an additional punishment is now claimed, were fully set

out ; and, therefore, that the sentence awarded upon that con-
viction should have embraced, and, in presumption of law, did
embrace, the whole punishment which could be awarded there-
on, including as well the additional punishment to which he
was liable upon a third conviction, as the direct punishment to
which he was liable upon that conviction alone ; and, therefore,
tnat there was no case on which an information for any additional
punishment would lie. And the court are of opinion that such
is the legal effect of that judgment.

The statutes upon this subject are somewhat numerous and
complicated, and require a careful examination. We have al-
ready stated what appears to us to be the policy of these laws ;
which is, to inflict a more severe punishment upon those who,
having been once committed to the state prison, have failed of
being reformed by the penitentiary discipline there administered.
It has been adjudged, (*Ross's case*, 2 Pick. 165,) that this law
is not obnoxious to the objection, at first strongly urged, that it
imposes a second punishment for the same offence. The true
view of it, we think, is, that it imposes a higher punishment for
the same offence upon one who proves, by a second or third
conviction, that the former punishment has been inefficacious in
doing the work of reform for which it was designed. But it is
obvious, if the law merely provided that the additional punish-
ment should be awarded on the conviction, that the convict
would often escape, because the fact of such former conviction
was not known to the prosecuting officer. It will often occur
that such fact will not be known to any one competent to bring
it to the notice of a court, until the prisoner is actually recom-
mitted to the state prison, and there recognized by its officers.
In order to adapt the law to these two cases, the statute pro-
vides an alternative mode of proceeding ; either to insert an
averment of the former conviction or convictions in the indict-
ment, and prove the averment as part of the indictment, in
which case the whole punishment will be awarded by the court
before whom the conviction is had ; or by an information in
legal form, filed by the law officer of the Commonwealth, on
notice given him by the warden of the state prison, or otherwise.

Both cannot be pursued, to obtain one and the same object; and as the conviction must of necessity be first in time, if the former convictions are then proceeded upon, it necessarily supersedes the other.   Nothing remains for an information to reach.   *Commonwealth* v. *Phillips*, 11 Pick. 28.

The case cited would be decisive, unless, as is contended, the law has been since changed.   The conviction, upon which the present information was founded, was had in 1838, after the revised statutes went into operation ; and the mode of proceeding is regulated by them.   By Rev. Sts. *c.* 133, § 13, it was provided, that when a person shall be convicted, &c., and it shall be alleged in the indictment, and admitted or proved on the trial, that such convict has before been sentenced, &c., he shall be sentenced to the additional punishment.   By Rev. Sts. *c.* 144, § 34, it was provided, that whenever the warden of the state prison shall be satisfied that any convict has before been sentenced, &c., he shall give information, &c.

These enactments never, in fact, went into operation ; and they are introduced only to show that the authors of the code, and the legislature, had in view both these modes of proceeding, to accomplish the one object of inflicting increased punishment in the case contemplated ; the information to be pursued, if the other mode should fail.   By the " act to amend the revised statutes," passed in February 1836, other provisions were made, to accomplish the same object with more accuracy and precision, which of course superseded those above stated.   The Rev. Sts. *c.* 133, were amended by striking out the 13th section, and providing that when any one is convicted of an offence and duly sentenced to imprisonment in the state prison of this State for one year or more, and it shall be alleged in the indictment, and admitted or proved on the trial, that the convict has before been sentenced to a like punishment, by any court in this State, or in any other of the United States, for a period of not less than one year, he shall be sentenced to confinement to hard labor for a term not exceeding seven years, in addition.   The next section makes a similar provision, in case he has been twice before so sentenced, and then subjects him to confinement to hard

labor for his life, or for a term not less than seven years, in addition, &c.

·The same act of amendment strikes out the 34th section of *c.* 144, and instead of it provides, that when the warden of the state prison is satisfied that any convict in the same prison has before been sentenced, &c. for not less than one year, &c. he shall give notice, &c. These provisions were adopted at the same time, by the same act, and constitute one system, having for its object the infliction of additional punishment on one who has been before sentenced to a penitentiary. They must, therefore, be construed together, and in consistency with each other.

If any doubt of this construction could exist, we think it would be removed by going to the origin of these provisions. The *St.* of 1817, *c.* 176, we think, is the first which provides for this rather unusual judicial proceeding by information. Section 5th provides for additional punishment, to be inflicted on any one convicted, &c., who shall have been before sentenced to a like punishment. Section 6th is preceded by a preamble, reciting that at the time of indictment and trial, it may not be known to the grand jury, or the attorney of the Commonwealth, whether the person so charged has been before convicted or not. It then proceeds to provide for an information to be made by the warden or directors of the state prison to the supreme judicial court, in pursuance of which the additional punishment may be imposed by a new and additional sentence.

This statute, except said fifth and sixth sections, so far as not altered, was repealed by *St.* 1827, *c.* 118, by which the above sections were affirmed and reenacted. §§ 19, 20, 27. These two provisions being brought together, and the process by information being provided only when the same object cannot be accomplished by the indictment, show clearly, we think, what was intended by the legislature ; and such intent is the governing rule in the construction of all statutes. And in ascertaining such intention, it is a well known rule of exposition, to resort to other statutes on the same subject, whether repealed or unrepealed. And for this purpose, the preamble to a repealed statute, es

pecially when the statute revised is in the same terms, is a safe guide. It is founded on the presumption, that when the legislature, in revising a statute, use the same enacting words, there is no intent to alter the law, although they have not thought it necessary to retain the preamble. *Church* v. *Crocker*, 3 Mass. 22. *Fiske* v. *Framingham Manufacturing Co.* 12 Pick. 71. In applying this rule to the present case, it appears that the same two prior convictions, now relied on to support this information, were recited in the indictment, were found by the general verdict, and therefore constituted a part of the conviction on which the judgment proceeded. It may be conjectured from the amount of the punishment, that the court did not mean to include the additional punishment. This, even if it distinctly appeared, would only show a mistake in the judgment of the court, and not a want of its jurisdiction over the case ; and if they have such jurisdiction, though they made a mistake in the exercise of it, it would leave no case open for proceeding by information, within the statute. The same thing appears to have occurred in the case of *Commonwealth* v. *Phillips*, already cited ; yet the judgment on the information was held to be erroneous and void.

The court are therefore of opinion, that the judgment is erroneous, and must be reversed ; and that unless the prisoner is detained for some other cause, he will be entitled to his discharge.

*Judgment reversed.*

*G. Bemis*, for the plaintiff in error.

*Austin*, (Attorney General,) for the Commonwealth.