[No. 18576.  Department One.  June 10, 1924.]

JOHN P. DUKE, *as State Supervisor of Banking, Respondent,* v. AMERICAN CASUALTY COMPANY OF TACOMA, *Appellant.*[1]

STATUTES (37, 39) — REPEAL — REFERENCE TO AMENDED ACT REPEALED—INTENT OF LEGISLATURE.  Where the legislature adopted as official a compilation of the laws of the state "and supplement thereto," providing that it shall be proper to cite or refer thereto as "Rem. & Bal. Code," and thereafter in 1915 passed an act amending a specified section in the supplement, referring to it as "Rem. & Bal. Code, § 6059-23" (a number not in the original compilation), and thereafter, in 1919, repealed the section by the same reference, the repeal of 1919 operated to repeal the original section as enacted in the supplement, although it was referred to only as provided in the act adopting the code.

SAME (37, 39).  In such a case, the repeal of 1919, referring to the original section of the act, was effectual to repeal that act as amended in 1915, that being an amendment of the section in question "so as to read as follows," giving the amendment the same designated section number in "Rem. & Bal. Code."

STATUTES (15, 17)—TITLE AND SUBJECTS—REPEALING ACTS.  The title, "An act relating to insurance and repealing" designated sections of the insurance code, is sufficiently broad to include the subject-matter of the act which was to repeal a section of the insurance

[1] Reported in 226 Pac. 501.

code which prohibited domestic insurance companies from investing in bank stock subject to the constitutional double liability of stockholders.

BANKS AND BANKING (1-3)—CORPORATIONS (147)—STOCK—HOLDING STOCK IN OTHER COMPANY—DOUBLE LIABILITY—DOMESTIC INSURANCE COMPANIES AS SHAREHOLDER. The repeal, in 1919, of the Act of 1911, prohibiting domestic insurance companies from investing in bank stock subject to the double liability of stockholders, left such companies free to purchase such shares of other companies (as authorized by Rem. Comp. Stat., § 3810), so as to become subject to the double liability incident to shares of that character voluntarily purchased after such repeal.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered January 24, 1924, upon findings in favor of the plaintiff, in an action to enforce the superadded liability of stockholders of an insolvent bank, tried to the court. Affirmed.

*Fred S. Fogg* and *Weter & Roberts,* for appellant.

*W. V. Tanner* and *John P. Garvin,* for respondent.

PARKER, J.—The plaintiff, as state supervisor of banking, seeks recovery from the defendant casualty company, a domestic insurance corporation of Tacoma, upon an assessment levied by him against the stockholders of the insolvent Scandinavian American Bank of Seattle, a domestic banking corporation; he claiming the defendant to be so liable because of its ownership of shares of the capital stock of that bank. A trial upon the merits in the superior court for Pierce county, sitting without a jury, resulted in findings and judgment awarding to the plaintiff recovery as prayed for, from which the defendant has appealed to this court.

In November, 1920, while the bank was a going concern, appellant casualty company, by voluntary purchase, became the owner of 100 shares of the capital stock of the bank, of the par value of $10,000; the subscription to said stock having theretofore been wholly

paid to the bank. Appellant has remained the owner of the stock ever since such purchase by it. On June 30, 1921, respondent supervisor of banking, by virtue of authority vested in him by law, took possession of the bank and its affairs because of its insolvency, ever since which time its business and affairs have been in course of liquidation by him. Thereafter respondent duly levied an assessment of 100% against the capital stock of the bank, including the stock of appellant, and demanded payment thereof accordingly from the several owners of the stock, including appellant. Payment being refused by appellant, this action was instituted by respondent.

It is contended in behalf of appellant that its purchase and ownership of the shares of stock in the bank was and is *ultra vires* and wholly beyond any of its corporate powers, and that therefore it cannot be held liable to pay the assessment levied by respondent. This contention is rested upon the provision of § 23 of our insurance code of 1911 reading, in so far as we need here notice its language, as follows:

"The capital and funds of a domestic insurance company shall not be invested in or loaned upon . . . nor shall they be invested in the stock of any corporation whose stockholders may be legally liable in excess of the par value of the stock for assessment to raise funds to pay the indebtedness of such corporation." Laws of 1911, p. 184;

and the provision of § 11, art. 12, of our state constitution, making stockholders of banking corporations personally liable for the debts of such corporation "to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares." This prohibition against the investment of the funds of domestic insurance companies, it is insisted by counsel for appellant, remains unrepealed

and in full force and effect; while it is insisted by counsel for respondent that this prohibition against the investment of funds of domestic insurance companies was repealed by subsequent legislation before appellant purchased and became the owner of the shares of stock in the bank, and that thereby appellant became fully authorized to purchase and own such shares of stock in the bank, and that by such purchase appellant legally became entitled to the benefits and incurred all the obligations incident to such ownership.

While it was held by this court in its decisions in *Denny Hotel Co. v. Schram,* 6 Wash. 134, 32 Pac. 1002, 36 Am. St. 130, and *Parsons v. Tacoma Smelting & Refining Co.,* 25 Wash. 492, 65 Pac. 765, that, in the absence of statute so authorizing, corporations of this state could not lawfully subscribe for or deal in shares of stock of other corporations, the legislature of 1905 thereafter passed an act providing:

"That any corporation heretofore or hereafter organized under the laws of this state or of any other state or territory of the United States and doing business in this state shall have power and authority to subscribe for, acquire by purchase or otherwise and to own, hold, sell, assign and transfer shares of the capital stock of any other corporation." Laws of 1905, p. 51, § 1 (Rem. Comp. Stat., § 3810) [P. C. § 4510].

Our later decision in *Moore v. Fremont State Bank,* 103 Wash. 249, 173 Pac. 1089, gave full force and effect to this statute according to its terms, rendering it plain that all corporations of this state might lawfully invest in shares of stock of other corporations except as might be otherwise expressly provided by statute, as we have seen was done by the above quoted language of our 1911 insurance code with reference to the investment of funds of domestic insurance companies. It seems plain, therefore, that if the question of the

repeal of the above quoted prohibition of our 1911 insurance code against domestic insurance companies investing their funds in shares of stock of the nature here in question is to be answered in the affirmative, such answer will be decisive of this case against the contentions of appellant.

The legislature of 1907 created the office of state insurance commissioner and prescribed his duties. Laws of 1907, ch. 109, p. 207. In 1910, there was published a compilation of our statutes in two volumes which has ever since then been well known and of common use. These volumes are designated upon their respective title pages and labeled upon their backs as "Remington & Ballinger's Annotated Codes and Statutes of Washington," and purport to have been compiled by Honorable Richard A. Ballinger and Arthur Remington; the volumes being numbered, respectively, 1 and 2. Section 1 of the act of 1907, creating the office of insurance commissioner and prescribing his duties, was embodied in this compilation as § 6059. The legislature of 1911 enacted a somewhat elaborate insurance code regulating insurance companies and insurance business in our state. Laws of 1911, p. 161, ch. 49, § 1 *et seq.* [Rem. Comp. Stat., § 7032 *et seq.*] This act was divided into 238 sections. In § 23 thereof there was enacted the above quoted prohibition against the funds of domestic insurance companies being invested in shares of stock of the nature here in question. Laws of 1911, p. 182, § 23. [Rem. & Bal. Code, § 6059-23.] Of course, this insurance code so enacted was not embodied in the original compilation of Remington & Ballinger's Annotated Codes and Statutes of Washington, which was compiled and published in 1910. In 1914, there was published in one volume a supplemental compilation of our statutes en-

acted since the original compilation of Remington &
Ballinger's Annotated Codes and Statutes; which sup-
plemental compilation was designated upon its title
page and labeled upon its back as ''Remington & Bal-
linger's Annotated Codes and Statutes of Washing-
ton, Volume 3, Supplement.'' This supplemental
compilation purports to have been made by Arthur
Remington, one of the original compilers. In this sup-
plemental volume 3 the sections of the insurance code
enacted in 1911 were embodied as §§ 6059-1, 6059-2, and
so on up to § 6059-238; section 6059-23 being § 23 of
the insurance code embodying the prohibition above
quoted against the investment of the funds of insur-
ance companies in shares of stock of the nature here
in question. The legislature of 1915 passed an act
which, by an emergency clause therein, became effec-
tive upon its approval by the governor on February 8,
1915, reading as follows:

''The compilation of the Session Laws of the State
of Washington, arranged and compiled by Richard A.
Ballinger and Arthur Remington, and known as Rem-
ington & Ballinger's Annotated Codes and Statutes of
Washington, and supplement thereto, and the com-
pilation of the Session Laws of the state of Washing-
ton arranged and compiled by Frank Pierce, and
known as Pierce's Washington Code, are hereby re-
spectively adopted as the official compilations of the
existing statutes of the state up to and including the
year 1913.

''It shall be proper for the legislature in amending
or repealing existing statutes, and for the courts in
referring to existing or repealed statutes, to refer to
or cite Remington & Ballinger's Annotated Codes and
Statutes of Washington, containing such law, and in
any such references and citations to abbreviate the
same to Rem. & Bal. Code, or refer to and cite Pierce's
Washington Code containing such law.'' Laws of 1915,
pp. 18, 19, §§ 1, 2 [Rem. Comp. Stat., §§ 152-5, 152-6].

Thereafter the legislature of 1915 passed an act which, by an emergency clause therein, became effective upon its approval by the governor on March 6, 1915, the introductory sentence of which reads:

"Section 1.   That section 6059-23 of Rem. & Bal. Code be amended to read as follows." Laws of 1915, ch. 34, p. 119.

That amendment left the language of § 23 of the insurance code, which had been embodied in § 6059-23 of the supplemental third volume of Rem. & Bal. Code, wholly unchanged in so far as it related to the prohibition against the investment of funds of domestic insurance companies in shares of stock of the nature here in question.   The legislature of 1919 passed an act reading as follows:

"That sections 6059-23 and 6059-27 of Remington & Ballinger's Annotated Codes and Statutes of Washington be and the same are hereby repealed." Laws of 1919, ch. 18, p. 44.

This repealing act, if effective as a repeal of § 23 of the insurance code as embodied in § 6059-23 in the supplemental volume 3 of Rem. & Bal. Code, and as thereafter amended by ch. 34, Laws of 1915, p. 119, manifestly removed all restrictions against the investment of the funds of insurance companies in shares of stock of the nature here in question.   We have seen that appellant voluntarily acquired ownership of the shares of stock in the bank long after the enactment and going into effect of this repealing act.   No further change was made in the insurance code touching the investment of funds of domestic insurance companies until the enactment of ch. 112, Laws of 1921, p. 344, § 1 et seq. [Rem. Comp. Stat., § 7054-1 et seq.] approved March 17th of that year, which went into effect June 18, 1921; but manifestly such subsequent change is of

no consequence in our present inquiry, since that amendatory act was passed and became effective long after appellant acquired the shares of bank stock and but a few days before the failure of the bank on June 30, 1921.

It is argued that the repealing act of 1919 did not work an effectual repeal of § 23 of the insurance code containing the prohibition against domestic insurance companies investing their funds in shares of stock of the nature here in question, because that repealing act referred only to § 6059-23 of Rem. & Bal. Code, meaning, as it is argued, only the original two volume compilation, and there being no such section or provision in the original two volume compilation, it was an attempted repeal of a law that had no existence. We have seen that, by the language of ch. 5, Laws of 1915, p. 18, the third supplemental volume of that compilation which had then been published, was, together with the two original volumes, adopted as an official compilation of our statutes up to and including the year 1913. So it seems to us that the § 6059-23, embodied in the third supplemental volume, being § 23 of the insurance code of 1911, was mentioned in the 1919 repealing act as the law intended by the legislature to be repealed, whether in its original form or as amended we shall presently notice. We have been careful to note the exact similarity of the title pages and back labels in and on the volumes of the original compilation and the volume of the supplemental compilation, and also to note the designation of the latter as volume 3 by the compiler, to evidence the certainty of the three volumes constituting the official compilation as a whole being intended to be adopted by the legislature by the enactment of ch. 5, Laws of 1915, p. 18.

It is next argued that the repealing act of 1919 did

not work an effectual repeal of § 23 of the insurance
code, being § 6059-23 of Rem. & Bal. Code, as amended
by ch. 34 of the Laws of 1915, p. 119, because that re-
pealing act did not in terms refer to § 6059-23, as
amended by ch. 34, Laws of 1915, p. 119. We have
seen that the amendment of 1915 was in terms an
amendment of "section 6059-23 . . . to read as
follows;" and embodied the prohibition against the in-
vestment of funds of domestic insurance companies in
shares of stock of the nature here in question, in the
exact language such prohibition was embodied in that
section before its amendment, the section being
changed in other respects only. As to that provision,
the amendment simply continued it as the law upon
the subject to which it related, and also preserved the
section number of the adopted official code. The re-
pealing act of 1919, we think, was a repealing of § 6059-
23 as amended; that is, as that section existed at the
time of the passage of the repealing act. The repealed
section was, up to the time of the repeal, still § 6059-23,
since it was so designated in the 1915 amendment. In
our decision in *State ex rel. McMillan v. Hills,* 109
Wash. 175, 186 Pac. 295, we quoted with approval the
language of the trial judge used in disposing of that
case in the trial court, as follows:

" 'While the decisions are not uniform, the rule re-
specting construction of amendments is that, where a
section of an original act has been amended, the amend-
ment superseding the original section, a subsequent
statute amending the original section by number, but
not amending the section as amended, supersedes and
repeals the amendatory law. 36 Cyc. 1055-1060, and
cases cited; *Fletcher v. Prather,* 102 Cal. 413, 36 Pac.
658; *West & Co. v. Board of Com'rs of Latah County,*
14 Idaho 353, 94 Pac. 445; *Whitfield v. Davies,* 78
Wash. 256, 138 Pac. 883.' "

We are well satisfied to adhere to this view of the law. This principle is, we think, equally controlling with reference to a repealing statute. The following authorities also lend strong support to this view of the law: *People ex rel. Jones v. Pritchard,* 21 Mich. 235; *Blake v. Brackett,* 47 Me. 28; *Commonwealth v. Kenneson,* 143 Mass. 418, 9 N. E. 761; *People ex rel. Furman v. Clute,* 50 N. Y. 451.

Contention is further made in behalf of appellant that the repealing act of 1919 was not constitutionally enacted because of its defective title. The language of the title is:

"AN ACT relating to insurance and repealing sections 6059-23 and 6059-27 of Remington & Ballinger's Annotated Codes and Statutes of Washington, . . . ." Laws of 1919, p. 44.

It is strenuously argued that the words "relating to insurance" are not broad enough to comprehend the subject-matter of the act, or give reasonable notice of what subject was being legislated upon, in that, as it is argued, the act relates not to insurance, but to the powers of insurance companies. We are not able to agree with this view as to the sufficiency of this title. It may be true that there is a sense in which the word "insurance" may refer to something apart from the duties and powers of insurance companies, but we are of the opinion that regulations touching the investment of funds of insurance companies have such relation to insurance as to be germane to the subject-matter of insurance, especially when there is accompanying the words "relating to insurance" a statement in the title that the repeal of a certain specific officially designated section of the law is contemplated. The liberality of this court repeatedly expressed in its decisions in resolving all reasonable doubts in favor of

the sufficiency of the title to a legislative act, we think, calls for our sanctioning the language of this title as sufficiently expressing the subject-matter of the act. Our decisions in *Holzman v. Spokane*, 91 Wash. 418, 157 Pac. 1086, and *Archibald v. Northern Pac. R. Co.*, 108 Wash. 97, 183 Pac. 95, wherein most of our prior decisions are reviewed, we think, is all the citation of authority here necessary to support our conclusion.

We conclude that the repealing act of 1919 left appellant, as an insurance company, free from legal restraint in the investment of its funds in shares of the capital stock of the Scandinavian American Bank at the time it voluntarily purchased and became the owner of such shares, and that, upon the failure of that bank, appellant became subject to the obligations incident to the ownership of such stock.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, and TOLMAN, JJ., concur.

MACKINTOSH, J., concurs in the result.