(No. 6421. July 21, 1937.)

J. E. DEVERY, L. P. TEATS and S. P. FOSS, Respondents, v. THOMAS WEBB, M. R. McCONNELL and E. DORIS CHAMBERS, Commissioners of Melrose Highway District, Appellants.

[70 Pac. (2d) 377.]

Butler & Madden, for Appellants.

120

Durham & Hyatt, for Respondents.

MORGAN, C. J.—Respondents commenced this action to procure a writ of mandate commanding appellants, who are the commissioners of Melrose Highway District, in Nez Perce county, to verify and file with the board of county commissioners a petition to disorganize the district. The verification sought was to be to the effect that there was no indebtedness, either bonded or otherwise, against the district for which

there were not sufficient funds in its treasury to pay and discharge.

The trial resulted in a judgment directing that a peremptory writ of mandate issue commanding appellants to verify the petition and file it with the board of county commissioners, and awarding costs in favor of respondents. This appeal is from the judgment.

The judgment is as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

That a peremptory writ of *mandamus* issue out of this Court directed to the defendants Thomas Webb, M. R. McConnell and E. Doris Chambers, Commissioners of Melrose Highway District of Nez Perce County, Idaho, a *quasi*-municipal corporation, and to each of them, commanding them to forthwith and immediately upon receipt of said peremptory writ of *mandamus*, to verify the petition for disorganization of Melrose Highway District of Nez Perce County, Idaho, filed with the Commissioners of said Highway District on June 19th, 1935, to the effect that there are no outstanding or existing debts or liabilities against said Melrose Highway District for which there are not sufficient funds in the treasury of said district to pay and discharge, and forthwith and immediately after so verifying said petition, to file said petition for the disorganization of said Melrose Highway District with the Board of Commissioners of Nez Perce County, Idaho;"

The material allegation on which the foregoing judgment is predicated, is:

"That these petitioners are informed and believe and therefore allege upon information and belief the fact to be, that the said Melrose Highway District has no existing indebtedness, either bonds or otherwise, existing at this time or for six months last past, for which there are or were not sufficient funds in the treasury of said district to pay, or to be derived from current tax levies of such district to pay;

"That this allegation with reference to the indebtedness of said highway district, is made upon information and belief, for the reason that the said defendants, as Commissioners of

said highway district, are in possession of the facts relative to the financial condition of said highway district, and know the existing debts against said district.''

The undisputed evidence discloses that the verification sought to be compelled by writ of mandate could have been made by others than the defendants. Thomas Webb, one of the commissioners, and secretary and treasurer of the district, was called by plaintiffs for cross-examination and testified:

''Q. And it was impossible for anyone not familiar with the affairs of the district to ascertain the financial condition of the district at that time? . . . .

''A. No sir, not impossible. Anybody in the district could.

''Q. How could they have ascertained it, Mr. Webb?

''A. Just come and asked me and I would have went and showed them. ·

''Q. Mr. Webb, were you ever asked as to the financial condition of the district?

''A. I never was that I remember of, no.''

This testimony is undisputed.

Section 39-1582 requires that a petition for the disorganization of a district ''be verified by the highway commissioners, or at least two other such qualified persons of such district, to the effect that there are no outstanding or existing debts, or liabilities against such highway district for which there are not sufficient funds in the treasury of such district to pay and discharge.'' The books of the district are public records, open to inspection by the residents and taxpayers thereof. Respondents, or any two petitioners, could have obtained the information the commissioners had, with reference to indebtedness and financial condition, and could have verified the petition. It requires no citation of authority to support a decision that a litigant is not entitled to a writ of mandate to compel another to perform an act which he, himself, can perform.

Respondents, in seeking to bring about the disorganization of the district, attempted to proceed pursuant to I. C. A., sec. 39-1582, which is as follows:

''Any highway district organized under the provisions of this chapter may disorganize by proceedings as follows:

"Upon a petition, signed by a majority of the persons possessing the qualifications necessary to sign a petition for the organization of such highway district, being presented to the highway commissioners of such highway district, the said commissioners of such highway district shall within thirty days thereafter file such petition with the board of county commissioners of the county in which such highway district is situated; said petition shall set forth that there is no existing indebtedness, either bonds or otherwise, existing against the highway district, for which there are not sufficient funds in the treasury of such district to pay, and that it is the desire of the petitioners to disorganize such highway district: provided, that before said petition is filed with the board of county commissioners, it shall be verified by the highway commissioners, or at least two other such qualified persons of such district, to the effect that there are no outstanding or existing debts, or liabilities against such highway district for which there are not sufficient funds in the treasury of such district to pay and discharge."

The statute which, before its repeal, provided for organization of such districts was section 39–1502. It contained the following:

"Whenever fifty or more of the holders of title or evidence of title to lands aggregating not less than twenty thousand acres of contiguous territory or consisting of contiguous territory of less extent but having an assessed valuation of at least \$1,000,000 at the last preceding county assessment desire to provide for the organization of the same as a highway district, none of their said lands being included within the boundaries of an already created and organized highway district, they may propose the organization of a highway district under the terms of this chapter. . . . .

"Or such organization may be proposed and such petition signed by a number of adult residents within the proposed district equal to at least twenty per cent of the aggregate of all the votes cast for governor at the election precincts within such proposed district at the last general election."

Petitions by two classes of persons, for the organization of highway districts, were provided for: one consisting of hold-

ers of title, or evidence of title, to lands situated in the proposed district, the other consisting of adult residents therein.

In 1933, the legislature repealed the law providing for the organization of highway districts, including section 39–1502. (1933 Sess. Laws, p. 201, chap. 131.) Respondents contend the repeal did not affect sec. 39–1582, and that disorganization of such a district may be authorized by a petition signed by a majority of the persons possessing the qualifications of signers of a petition for its organization such as was prescribed by section 39–1502 before the repeal thereof. Appellants contest that contention and insist the repeal of section 39–1502 destroyed the means whereby highway districts might be disorganized.

Section 39–1582 was not mentioned among the sections expressly repealed by 1933 Session Laws, chapter 131. It is argued, however, that since the legislature by that chapter repealed the sections which provided for the organization, management and financing of highway districts, it left section 39–1582 inoperative because of its reference to the repealed section 39–1502, which provided the number and qualifications of signers to petitions for organization of districts.

■■ Where a specific provision or direction of a statute is referred to and adopted by a subsequent enactment, the repeal of the former statute does not work a repeal of the specific portion thereof adopted in the latter, so far as the same is requisite or applicable to the operation and enforcement of the subsequent statute. (*Nampa & Meridian Irr. Dist. v. Barker,* 38 Ida. 529, 533, 223 Pac. 529; *People v. Whipple,* 47 Cal. 592; *Gustafson v. Hammond Irr. Dist., etc.,* 87 Mont. 217, 287 Pac. 640; *Ventura County v. Clay,* 112 Cal. 65, 44 Pac. 488.) Section 39–1582 is still in force and effect.

Appellants contend the law requires signatures, to the petition to inaugurate proceedings for disorganization, of a majority of all persons possessing qualifications to have petitioned for its organization. Respondents contend the district may be disorganized on petition of a majority of persons who could have signed one of the types of petition for organization.

In this case the petition was signed by a majority of adult persons resident in the district, but not by a majority of the aggregate of adult persons resident in the district and of persons who were holders of title, or evidence of title, to lands situated therein.

The statute providing for disorganization of a highway district requires the signing of a petition therefor by a majority of persons who possess the qualifications to have petitioned for the organization of such district. The number of such persons is composed of adult residents within the district and of the holders of title, or evidence of title, to lands therein situated. The petition to disorganize must be signed by a majority of persons constituting both classes, because each person, belonging to either class, possesses the qualifications to have signed a petition for organization of the district. It requires more than half of those comprising both classes to constitute a majority. The petition contains an insufficient number of signatures of qualified persons to inaugurate proceedings to disorganize the district, and the writ of mandate should have been denied.

A number of other points have been urged by appellants, but the foregoing makes a decision thereof unnecessary. The decree is reversed. Costs are awarded to appellants.

Holden and Givens, JJ., concur.

AILSHIE, J. (Concurring Specially.)—I concur except with reference to the holding that:

"The petition to disorganize must be signed by a majority of persons constituting both classes, because each person, belonging to either class, possesses the qualifications to have signed a petition for organization of the district. It requires more than half of those comprising both classes to constitute a majority."

With that holding, I am unable to agree. I do not so understand the statute on disorganization. In all other respects I agree with the opinion of the Chief Justice.

Budge, J., concurs.