[No. 26538. Department One. November 15, 1937.]

*In the Matter of the Assessment of* THE YAKIMA AMUSEMENT COMPANY.

YAKIMA AMUSEMENT COMPANY, *Appellant,* v. YAKIMA COUNTY *et al., Respondents.*[1]

[1]Reported in 73 P. (2d) 519.

*Cheney & Hutcheson, Walter J. Robinson, Jr.,* and *Allen & Wilkins,* for appellant.

*Robert J. Willis* and *Don M. Tunstall,* for respondents.

MILLARD, J.—The valuation of the property of the Yakima Amusement Company, for taxation purposes, was assessed by the assessor of Yakima county at ten thousand dollars as of March 1, 1935. The valuation was increased by the county board of equalization to fifty thousand dollars. The taxpayer appealed to the state tax commission, which, after a hearing, entered an order fixing the assessed valuation in the amount of thirty-five thousand dollars. From that order, the taxpayer appealed to the superior court for Yakima county. On motion of the defendants, the appeal was dismissed upon the ground that the superior court had no jurisdiction over such an appeal. The Yakima Amusement Company has appealed from that order of dismissal.

Appellant insists that a taxpayer who feels aggrieved by an order of the state tax commission fixing the valuation of his property has a right of appeal from such order to the superior court.

Chapter 18 of the Laws of 1925, p. 33, created and defined the powers and duties of the state tax commission. Section 7 of chapter 18, p. 38, provided for an appeal by any party feeling aggrieved by any order of the tax commission to the superior court of the county in which the property affected is located, or to the superior court for Thurston county. That section reads as follows:

"Any party or parties feeling aggrieved by any order of the tax commission shall have a right of appeal to

the superior court of the county in which any property affected is located, or at the election of the appellant, to the superior court of Thurston county, Washington. Such appeal shall be informal and summary. Notice thereof shall be filed with the clerk of the superior court to which such appeal is taken, and a copy thereof shall be served by registered mail or personally upon some member of the tax commission or the secretary thereof within twenty (20) days after the decision appealed from, and the appellant shall file an appeal bond in the sum of Two Hundred ($200.00) Dollars signed by one or more sureties, conditioned that the appellant will pay all taxable costs in the event of the affirmance of the decision appealed from. Said bond shall be filed with the clerk of the superior court to which said appeal is taken within five (5) days after the filing of notice of appeal, and shall be approved by him."

By chapter 280, Laws of 1927, p. 676, the legislature re-enacted, in the same language, all of the provisions of chapter 18, Laws of 1925, p. 33, and added an additional section which reads as follows:

"Sec. 13. This act is intended, and shall be construed, to be a continuation and re-enactment of each and every provision of said chapter 18 of the Laws of 1925 [sections 11087 to 11103]. Each and all of the acts of the tax commission of the state of Washington, appointed under and by virtue of chapter 18 of the Laws of 1925, and of all other state and county officers, heretofore performed, or attempted to be performed, under and by virtue of said chapter 18, Laws of 1925 [sections 11087 to 11103], and all acts of said tax commission performed, or attempted to be performed, by virtue of any other laws of the state of Washington, are hereby validated, ratified and confirmed as fully, and to the same extent as though this act had been in full force, effect, and operation since February 16, 1925." (Rem. Rev. Stat., § 11103 [P. C. § 6874-13].)

Section 7, chapter 280, Laws of 1927, p. 681, which provides for an appeal from the state tax commission

to the superior court, is identical with § 7, chapter 18, Laws of 1925, p. 38.

Chapter 62 of the Laws of 1931, p. 201 (Rem. Rev. Stat., § 11315-1 [P. C. § 6882-189] *et seq.*), provided a new and exclusive method of challenging the validity of any tax, or any portion of any tax. Section 7, chapter 62 of the Laws of 1931, p. 204, provides that,

"Except as permitted by this act, no action shall ever be brought attacking the validity of any tax, or any portion of any tax: . . ." (Rem. Rev. Stat., § 11315-7 [P. C. § 6882-195].)

By that act, the exclusive method provided of seeking a reduction of a claimed unlawful or excessive assessment for taxation purposes was by payment of the tax as levied, under protest, and then instituting an action in the superior court to recover that portion of the tax deemed to be excessive.

Section 8, chapter 62, Laws of 1931, p. 204, provides,

"That section 7, chapter 18, of the Laws of 1925 be, and the same is hereby repealed."

The 1931 enactment expressly repealed § 7, chapter 18 of the Laws of 1925, p. 38, which is word for word the same as § 7, chapter 280, Laws of 1927, p. 681. The latter (chapter 280, Laws of 1927, p. 676) statute is not mentioned in the 1931 enactment.

This presents the question whether the right of appeal from the tax commission to the superior court, for which provision is made by § 7, chapter 280, Laws of 1927, p. 681, is still in effect, or whether the remedy of a taxpayer complaining of over-valuation of his property for taxation purposes is limited to the method of seeking a reduction as prescribed in chapter 62, Laws of 1931, p. 201.

Counsel for appellant contends that, where a statute contains an express repeal of a certain statute or statutes, there can be no implied repeal of any other stat-

ute, as the legislature is presumed to have enumerated all of the statutes which it intended to repeal. It is insisted that, since the 1931 legislature expressly repealed a section of the 1925 statute, the legislature's intention not to repeal any section of the 1927 statute was thereby clearly shown.

It is the position of respondents that § 7, chapter 280, Laws of 1927, p. 681, was repealed by chapter 62 of the Laws of 1931, p. 201; because, first, the express repeal of § 7, chapter 18, Laws of 1925, p. 38, carried with it a repeal of the re-enactment of that section in identical terms in § 7, chapter 280, Laws of 1927, p. 681; and second, because the 1931 statute is a complete enactment providing an exclusive remedy, and any prior law providing for a procedure in conflict therewith was repealed by implication.

An amendatory statute which sets out in full all that the statute, as amended, is intended to contain, becomes a substitute for the statute amended. This does not necessarily mean that the original is abrogated for all purposes. So much of the original as is repeated in the later statute without substantial change, is not repealed and reenacted, but is continued in force without interruption from the time it was first enacted. 59 C. J. 925. This is what the legislature did and what it intended to do as it declared in § 13, chapter 280, Laws of 1927, p. 685, quoted above.

In the event of the subsequent repeal of the prior or original statute, the provisions of the first statute continued in force in the second statute are repealed and fall with the abrogation of the original statute. We so held in *Duke v. American Casualty Co.*, 130 Wash. 210, 226 Pac. 501.

By chapter 62, Laws of 1931, p. 201, a new and exclusive method of challenging excessive or illegal taxation was provided. We held in *Casco Co. v. Thurston*

*County*, 163 Wash. 666, 2 P. (2d) 677, 72 A. L. R. 622, that that statute is constitutional.

Judgment is affirmed.

STEINERT, C. J., BLAKE, MAIN, and GERAGHTY, JJ., concur.

