## In re HAYDEN'S ESTATE.

STATUTES—AMENDMENTS—REPEAL OF ORIGINAL ACT.

Statute which repealed two sections of the then last preceding official compilation of State statutes without mention of amendatory acts by which one of such sections had been amended before being repealed also repealed the amendatory acts (Act No. 145, §§ 24, 25, Pub. Acts 1855 [1 Comp. Laws 1857, §§ 2032, 2033]; as amended by Act No. 163, Pub. Acts 1859, and Act No. 158, Pub. Acts 1861, and repealed by Act No. 33, Pub. Acts 1867).

Appeal from Wayne; Taylor (Mark D.), J., presiding. Submitted April 19, 1939. (Docket No. 115, Calendar No. 39,794.) Decided June 5, 1939.

In the matter of the estate of Edward P. Hayden, deceased. Frank J. Kane presented for probate the will of Edward P. Hayden, deceased. Objections filed by William K. Hayden and H. Preston Hayden. Contest certified to circuit court. Directed verdict and judgment for proponent. Contestants appeal. Affirmed.

*Thomas F. Chawke,* for proponent.

*Munro & Donovan,* for contestants.

WIEST, J.   This is a contest over certain bequests and devises in a will, and the question is whether a will, executed in 1933, with two subscribing witnesses, making bequests and devises to charitable and ecclesiastical organizations in amounts in excess of $100, is void for want of three subscribing witnesses. The will made bequests in small amounts to named nephews and cousins, and others, and then made bequests of $500 each to various charities under ecclesiastical supervision, and for masses, care of cemetery lot, and devised the residue to the Sisters of the House of Good Shepherd, and St. Bonaventure Monastery, of the Province of St. Joseph of the Capucian Order, No. 1740 Mt. Elliott avenue, Detroit, share and share alike. The testator died in July, 1936, leaving an estate of about $32,000, with two nephews as his sole heirs at law.

When the will was offered for probate the two nephews filed objections and the issues raised were certified to the circuit court for trial.

In the circuit court the issues came to trial by jury, and proof was made by the two subscribing witnesses

to the will, followed by motions in behalf of proponent and contestants for directed verdicts.

Contestants moved the court for a directed verdict in their favor as to those provisions of the will making bequests to charitable and ecclesiastical organizations on the grounds that the will was invalid, not being attested by three subscribing witnesses as required by Act No. 145, § 25, Pub. Acts 1855, as compiled in 1 Comp. Laws 1857, § 2033, as amended by Act No. 163, Pub. Acts 1859, as amended by Act No. 158, Pub. Acts 1861. Proponents also moved the court to direct a verdict allowing the instrument and this motion was granted.

Contestants appeal from the allowance of the will on the ground above stated.

Contestants contend that Act No. 145, § 25, Pub. Acts 1855, is not superseded by but is merely collated in 1 Comp. Laws 1857, § 2033, and the repeal of 1 Comp. Laws 1857, § 2033, by Act No. 33, Pub. Acts 1867, did not repeal subsequent amendments thereof and, therefore, Act No. 158, Pub. Acts 1861, is still the law.

Act No. 145, § 25, Pub. Acts 1855, in connection with section 24 of that act rendered void every bequest or devise by will amounting to $100 or more for the use of any church, congregation, religious order or religious society, or to or for the use of any ecclesiastical, educational or eleemosynary institution, connected with or under the control or direction or subject to the visitorial power of any officer or officers or other authority of such church, congregation, order or society, unless such will should be proven in open court by the testimony of three subscribing witnesses. This was carried into the Compiled Laws of 1857 as sections 2032 and 2033. Section 2033 was amended by Act No. 163, Pub. Acts 1859, and again by Act No. 158, Pub. Acts 1861, but

not in the particular requiring three subscribing witnesses. By Act No. 33, Pub. Acts 1867, 1 Comp. Laws 1857, §§ 2032, 2033, were repealed without specific mention of the amendments of 1859 and 1861.

The Constitution of 1850, art. 18, § 15, prohibited general revisions of laws as formerly employed, and provided action by the legislature for future compilations of acts in force without alteration and arranged under appropriate heads and titles.

Act No. 38, Pub. Acts 1857, provided:

"That all acts and parts of acts, and general laws now in force in this State, and all acts and parts of acts passed by the present legislature, which shall be approved and become laws, shall be collected and reprinted without alteration, under their appropriate heads and titles, with marginal notes and references and an index thereto, pursuant to the provisions of section 15, of article 18, of the Constitution of this State."

This section resulted in the compilation of 1857.

It is worthy of note that all compilations subsequent to that of 1857 have treated the repeal in 1867 as effective and have not since carried the mentioned provision of the act of 1855, or any of its amendments.

*In the Matter of the Assessment of the Yakima Amusement Co.,* 192 Wash. 174 (73 Pac. [2d] 519), the applicable rule is stated:

"An amendatory statute which sets out in full all that the statute, as amended, is intended to contain, becomes a substitute for the statute amended. This does not necessarily mean that the original is abrogated for all purposes. So much of the original as is repeated in the later statute without substantial change, is not repealed and re-enacted, but is continued in force without interruption from the time it was first enacted. 59 C. J. p. 925. * * * We so held

in *Duke* v. *American Casualty Co.,* 130 Wash. 210 (226 Pac. 501)."

See, also, *State* v. *Schenk,* 238 Mo. 429 (142 S. W. 263); *People, ex rel. Jones,* v. *Pritchard,* 21 Mich. 236.

The judgment is affirmed, with costs to appellee.

Butzel, C. J., and Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred. North, J., did not sit.