## SUTTON *v.* STATE OF INDIANA.

[No. 28,758.   Filed November 14, 1951.]

*Benadum & Cecil;* and *Frederick F. McClellan, Jr.,* both of Muncie, for appellant.

*J. Emmett McManamon,* Attorney General; *John Ready O'Connor* and *George W. Hand,* Deputy Attorneys General, for appellee.

DRAPER, C. J.—The appellant was charged in the city court of Marion, Indiana, with the offense of unlawfully peeping into an occupied residence. Burns' 1942 Replacement, §10-4910-12. On September 18, 1950, he was tried and found guilty as charged. He appealed to the Grant circuit court, and the transcript of the proceedings in the city court was duly filed in the Grant circuit court. On December 21, 1950, the State of Indiana filed a written motion to dismiss the appeal and remand the cause to the city court for the execution of the judgment of that court, for the reason that more than ninety days had elapsed since the rendition of judgment in the city court. From an order sustaining that motion the defendant appeals.

The question presented is whether the Grant circuit court erred in sustaining the State's motion, it being appellant's position that the statute authorizing such procedure had been repealed.

Section 1 of Ch. 169 of the Acts of 1935 provides in substance that when a defendant in a criminal case appeals from a city court to a circuit court, such case shall be tried or otherwise disposed of in the court to which the case is appealed, within ninety days after the entry of the judgment in the city court, unless the judge of the court to which the appeal is taken shall for good cause shown, upon application by the defendant or his counsel, enter an order extending the time for trial for a specified period. After ninety days has expired, unless a certified copy of such order of extension is filed in the court from which the appeal

is taken, the jurisdiction of the court to which the appeal is taken shall end, and on motion of the prosecuting attorney the appeal shall be dismissed and the judgment of the court below shall become final and shall be carried into execution.

Chapter 169 of the Acts of 1935 was amended by §1 of Ch. 152 of the Acts of 1937. The 1937 Act is in the exact words of the 1935 Act except that certain language was added. Nothing was taken away. The 1937 Act is set out below. The words in italics are those added to the 1935 Act by the 1937 Act.

"Be it enacted by the general assembly of the State of Indiana, *That section 1 of the above entitled act be amended to read as follows:* Sec. 1. That upon the appeal of a defendant in a criminal case from a justice of the peace or from a city court *or from a municipal court,* to a circuit, superior or criminal court, such case shall be tried or otherwise disposed of in the circuit, superior or criminal court within ninety days after the entry of the judgment of conviction by the justice of the peace or by the judge of the city court, *or by a judge of the municipal court,* unless the judge of the court to which the appeal is taken shall, for cause shown, upon application by the defendant or his counsel, *or upon application by the prosecuting attorney on behalf of the state,* enter an order extending, for a specified period, the time for the trial. After said period of ninety days has expired, unless a certified copy of such order of extension is filed by the defendant or his counsel *or by the prosecuting attorney* in the court from which the appeal is taken, the jurisdiction of the court to which the appeal is taken shall end, and the judge of such court on motion of the prosecuting attorney, shall dismiss the appeal, and the judgment of the court from which the appeal was taken shall become final and shall be carried into execution."

Section 1 of Ch. 112 of the Acts of 1939 expressly repealed Ch. 169 of the Acts of 1935. Chapter 152 of

the Acts of 1937 (the amendatory act) has never been expressly repealed. The question, therefore, is whether Ch. 152 of the Acts of 1937 was in fact repealed by Ch. 112 of the Acts of 1939, which, by its language, purports to repeal only Ch. 169 of the Acts of 1935.

The obvious and sole purpose of the legislature in passing the amendatory act of 1937 was to bring municipal courts within the operation of the law, and to give the state, as well as the defendant, the right to apply for and file an order extending the time for trial. But under the requirements of our constitution the original section could only be expressly amended by setting forth at full length the section as so amended. The recital in the amendatory act of the language of the act amended does not show a legislative intent to make any change in the law as expressed by the language so reenacted. The unchanged portions of the statute are not to be considered as repealed and reenacted. They are continued in force, with the same meaning and effect after the amendment that they had before. *Thompson* v. *Mossburg* (1923), 193 Ind. 566, 139 N. E. 307, 141 N. E. 241; *Huff* v. *Fetch* (1924), 194 Ind. 570, 143 N. E. 705; Sutherland, *Statutory Construction* (Horack's 3rd Ed.), Vol. I, §1933. The amendatory act makes the amended section "to read as follows." It would operate to repeal only those portions of the section amended, if any there were, which were not embraced in the section as amended. *State ex rel. Nicely* v. *Wildey et al.* (1935), 209 Ind. 1, 197 N. E. 844; *Smith* v. *State* (1924), 194 Ind. 686, 144 N. E. 471; Sutherland, *Statutory Construction, supra,* Vol. I, §2017.

Since the provisions of the original act which were "reenacted" in the amendatory act are but a continua-

tion of the original act, the repeal of the original ■ act by the act of 1939 repeals those provisions of the original act which were "reenacted" in the amendatory act, or, in other words, by the repeal of the original statute, the provisions thereof which were continued in force by the second, or amendatory statute, are repealed; *Duke* v. *American Casualty Co.* (1924), 130 Wash. 210, 226 Pac. 501; *In re Assessment of Yakima Amusement Co.* (1937), 192 Wash. 174, 73 P. 2d 519; *In re Hayden's Estate* (1939), 289 Mich. 42, 286 N. W. 150; and since the additions supplied by the amendatory act are not so far complete within themselves that they can be understood and enforced standing alone, they are also repealed. Sutherland, *Statutory Construction, supra*, Vol. I, §1939.

It is true there is a long line of cases in Indiana which say that where a section of a statute is amended, it is superseded or supplanted by the section as ■ amended, and the amended section ceases to exist, and it is accordingly held that an act which attempts to amend a section of a statute that has already been amended is "unconstitutional and void." This does not necessarily mean, however, that the original is abrogated for all purposes, for, as we have seen, the unchanged portions of the original statute are not considered as repealed and reenacted, but on the contrary are considered as having continued in force from the beginning. *In re Assessment of Yakima Amusement Co., supra.* As said in 59 C. J., Statutes, §527, p. 925:

"An amendatory act which provides that the original statute shall be amended 'so as to read as follows,' or otherwise purports to set out in full all that the statute as amended is intended to contain, becomes a substitute for the original; but this does not necessarily mean that the original is abrogated for all purposes. So much of the original

as is repeated in the later statute without substantial change is not repealed and reenacted or enacted anew, but is continued in force without interruption from the time it was first enacted; so much of the act as is omitted is repealed; and any substantial change in other portions of the original act, as well as any matter which is entirely new, is operative as new legislation."

From what has been said it is apparent that Ch. 152 of the Acts of 1937 fell with the repeal of Ch. 169 of the Acts of 1935. It follows that the court erred in sustaining the state's motion to dismiss the appeal and remand the cause to the city court.

Reversed and remanded with instructions to overrule said motion and reinstate said appealed case on the docket of the Grant Circuit Court.

NOTE.—Reported in 101 N. E. 2d 636.