### SELSER et al. v. BRAGMANS BLUFF LUMBER CO., Inc.
#### No. 16090.

Court of Appeal of Louisiana. Orleans.
April 6, 1936.

Rosen, Kammer, Wolff & Farrar, of New Orleans, for appellant.

St. Clair Adams & Son, of New Orleans, for appellees.

WESTERFIELD, Judge.

The facts in this case are fully stated in our opinion rendered when the matter was first before us (146 So. 690, 691, 699). It will suffice, for our present purpose, to say

that this is a suit for compensation in which judgment was rendered in the district court in favor of the plaintiffs, the dependents of Wm. L. Selser, his widow and three minor children, for the maximum allowed under the statute, $20 per week; the widow being awarded $10 a week and the children each $3.33 per week. The judgment provided that, as each child reaches the age of 18 years, the compensation should be readjusted so as to award the remaining dependents such proportion of the $20 per week as would be due to them if they had been the sole dependents at the time of the death of Selser. On appeal to this court we affirmed the award of compensation, but amended it with respect to the readjustment feature, saying:

"Whether or not one or more dependents might marry or die during the period for which compensation was due them, and thereby cause compensation to cease as far as they are concerned, is a matter which may or may not happen during that period of time. That is a future contingency with which we need not concern ourselves at this time. Our learned brother below has fixed in the decree the date when the compensation will cease to be due the minors according to their respective eighteenth birthdays, and prorated that amount proportionately among the remaining dependents. We believe he went further than the facts of the case required. All of the minor dependents, being under the age of eighteen years and unmarried, are entitled to compensation in the ratio, proportion, and sum as we have above outlined. At the present we are not called upon to say what shall become of the share of the compensation of any one of them at the time it shall legally cease to be due. It is our opinion, therefore, that the decree should be modified and amended so as to eliminate therefrom the provisions for prorating the share of the minor dependents at the time they reach the age of eighteen years."

When the oldest of the minors, Will Lindsay Selser, reached 18 years of age on March 28, 1934, the defendant ceased further payments of compensation to this dependent, and declined to readjust the payments to the remaining dependents, who thereupon filed a petition in the civil district court for the parish of Orleans seeking to compel a readjustment on the basis of the original judgment. In answer to this petition, the defendant averred that the Compensation Law made no provision for proration of compensation between codependents upon the basis demanded. After a trial of the issue thus presented, the district judge reinstated his former judgment ordering the redistribution of the share of the 18 year old minor between the remaining dependents. The defendant has again appealed to this court.

The following provisions of the compensation statute, as originally adopted (Act No. 20 of 1914, as amended by Act No. 243 of 1916) reads:

"Should any dependent of a deceased employee die, or should the widow or widower remarry, or should the widower become capable of self-support, or should any dependent not physically or mentally incapacitated from earning pass beyond the age of eighteen years, the payments of the portion of the compensation theretofore due such dependent or widow or widower shall cease. If the compensation payable under this section to any person shall, for any cause, cease, the compensation to the remaining persons entitled hereunder shall thereafter be the same for the unexpired part of the period during which their compensation is payable as would have been payable to them had they been the only persons entitled to compensation at the time of the death of the deceased."

An unimportant amendment to this section, without interest here, was made by Act No. 38 of 1918. Act No. 85 of 1926, however, amended the quoted provision, causing it to read as follows:

"The marriage or death of a dependent shall terminate payments to such dependent, but shall not affect payments allowed other dependents. Should the widower become capable of self-support, compensation shall cease as to him. Compensation payments to dependents shall also terminate when the condition of dependency ceases, except in the case of a widow or child.

"Where any minor dependent who is not mentally or physically incapable of wage earning, shall become eighteen years of age, payment of the proportion of compensation due such minor shall cease."

The first word of the second paragraph of the last-quoted provision was changed from "where" to "when" by Act No. 242 of 1928, but otherwise that section has been unchanged and is the law governing this case, for the suit was brought in April, 1932, long subsequent to the adoption of the Act of 1926.

It will be observed that as originally enacted the compensation statute contained a provision requiring the redistribution of compensation among the remaining or surviving codependents upon the basis "as would have been payable to them had· they been the only persons entitled to compensation at the time of the death of the deceased." This provision was omitted from the amendatory statute, which now provides that, "when any minor dependent who is not mentally or physically incapable of wage earning, shall become eighteen years of age, payment of the proportion of compensation due such minor shall cease." The omission of the provision with respect to the redistribution of the share paid the minor becoming of age seems to us most significant and indicative of an intention on the part of the Legislature to abandon its former policy in this respect.

Counsel for appellee calls our attention to certain results which necessarily follow from the absence of a provision for redistribution in the statute. For example, they say, in cases similar to the instant one, where the aggregate compensation due a widow and three minor children is $20 per week, it would be materially affected should one of the minors, at the time the compensation was payable, be 17 years and 11 months of age. The employer, in that case it is said, would only be required to pay compensation to that minor at the rate of $3.33 for four weeks, and thus the aggregate sum paid the remaining dependents for 296 weeks would be only $16.67 instead of $20, as would be the case had the minor been of age at the time the compensation was awarded. The inequity of this situation is said to justify an interpretation of the act as though it contained a provision for redistribution as embodied in the original act.

Our answer is that the law does not admit of interpretation. It is too plain and its intention too obvious.

In Item Company v. National Dyers & Cleaners et al., 15 La.App. 108, 130 So. 879, 881, we said:

"If a statute is clear and unambiguous, courts may not look beyond the letter thereof in a pretended attempt to ascertain the reason which prompted the enactment."

See, also, Grennon v. N. O. Public Service, Inc., 17 La.App. 700, 136 So. 309, and City of·Shreveport v. Southwestern Gas & Elec. Co., 140 La. 1078, 74 So. 559.

In the latter opinion, 140 La. 1078, at page 1084, 74 So. 559, 561, we find the following:

"Occasions may now and then arise when, from some necessity to make particular statutes intelligible and operative, courts will correct or ignore obvious inadvertences therein, but it should never be forgotten that the power to make the laws is not vested in the judiciary, that, when the department in which that power is vested has expressed itself in unambiguous language, the presumption arises that it intended that which the language imports, and that in this state it has prescribed for the judiciary and the public at large a rule of interpretation which is expressed in language of that character, to wit:

" 'When a law is clear and free from all ambiguity, the letter of it is not to be disregarded under pretext of pursuing the spirit.' C.C. 13, Walker v. Vicksburg, S. & P. Railroad Co., 110 La. 718, 34 So. 749."

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and it is, reversed, and it is now ordered that there be judgment herein in favor of defendant, Bragmans Bluff Lumber Company, dismissing plaintiffs' demand.

Reversed.