9 So.2d 445

LITTON et al. v. NATCHITOCHES OIL MILL, Inc., et al.

No. 36602.

June 29, 1942.

Theus, Grisham, Davis & Leigh, of Monroe, for applicants.

Peterman, Hunter & Neilson, of Alexandria, for appellees.

FOURNET, Justice.

Mrs. Dovie Weeks Litton, in whose favor individually and as the tutrix of her minor children, a judgment awarding compensation at the rate of $14.04 a week for a period of 300 weeks for the death of her husband had been rendered, was ruled into court by her late husband's employer, the Natchitoches Oil Mill, Inc., and its insurer, the Central Surety and Insurance Corporation of Kansas City, Missouri, to show cause why the case should not be reopened and the judgment corrected and modified so as to divide the weekly compensation awarded, half to be decreed to be due the surviving widow and one-fourth of the other half, or $1.755, to be decreed to be due to each of the four minor children, payable until such time as each of the children shall have respectively reached the age of eighteen.

The case is now before us on a writ of certiorari to review the judgment of the Court of Appeal for the Second Circuit affirming the judgment of the lower court rejecting the demands of the plaintiffs in the rule, granted by us for the reason that the relators in their application for this writ called our attention to the fact that there is an apparent conflict between the holding of the Court of Appeal for the Second Circuit in the case under review and the holding of the Court of Appeal for the Parish of Orleans in the case of Selser v. Bragmans Bluff Lumber Co., Inc., La. App., 167 So. 160.

The Court of Appeal for the Second Circuit, in a well-considered opinion, has given us an accurate statement of the facts involved in this case and has, in our opinion, placed the proper construction on the law applicable thereto in disposing of the issues that have been raised in this case. We therefore quote the opinion with approval [8 So.2d 751, 752]:

"On August 16, 1939, in the suit of Mrs. Dovie Weeks Litton, individually and as tutrix of her minor children, to-wit: Robert L., Jr., M. L., Hazel and Joyce Litton, against Natchitoches Oil Mill, Inc., and its insurer, Central Surety & Insurance Corporation, judgment was rendered and signed by Judge Cas Moss of the Eighth District Court of this State, from which we make the following excerpt, to-wit:

"'It is further ordered, adjudged and decreed that plaintiff, Dovie Weeks Litton,

do have and recover judgment against defendants, Natchitoches Oil Mill, Inc., and Central Surety and Insurance Corporation of Kansas City, Missouri, individually and in solido, and under the Workmen's Compensation Laws of Louisiana in the just and full sum of Fourteen and 04/100 ($14.04) Dollars per week, beginning September 7, 1937, and continuing for a period of three hundred (300) weeks, with five per cent per annum interest on each weekly payment from date same is due until paid, for the death of Robert L. Litton as employee of defendants, * * *'.

"On appeal to this court, the judgment was affirmed. 195 So. 638. The Supreme Court denied application for writ of review on April 29, 1940.

"Robert L. Litton, father of said minors, was accidentally killed on September 7, 1937. The dates of the births of said children follow: Robert L., Jr., April 28, 1920; M. L., August 23, 1921; Hazel, October 22, 1923; Joyce, February 16, 1927.

"When the judgment became final, defendants paid the total of compensation due at that time with interest and thereafter, until December 7, 1940, made regular payments to Mrs. Litton as required by the judgment.

"On December 7, 1940, the present proceeding was instituted by the defendants against Mrs. Litton individually and as tutrix. It is a rule to show cause why the case should not be reopened and said judgment corrected or modified. The plaintiffs in rule allege that the judgment was obtained through error of fact and of law in that it decreed that the entirety of the compensation for which defendants were liable, for the full term of 300 weeks, should be paid to Mrs. Litton individually, whereas judgment should have been in her favor individually for $7.02 per week for 300 weeks, and in favor of each of said minor children for $1.755 (1/4 of $7.02) per week until each reached eighteen years of age, not exceeding, however, 300 weeks to either; the payments to begin as of the date of death of the father. In view of said error, plaintiffs in rule contend that they are entitled to have the case reopened and the judgment therein rendered recast and corrected so as to fix the amount of payments of compensation due the widow and minor children and the terms thereof respectively as above related; and that credit be given for $2,400.84, the aggregate amount of all payments made to Mrs. Litton to December 7, 1940.

"In the alternative, plaintiffs in rule allege that if the court should hold that the original judgment cannot be corrected and/or amended, on account of alleged error, in that event it should be modified in the following respects and for the following reasons, to-wit:

"That Robert L. Litton, Jr. and M. L. Litton ceased to be dependents on attaining eighteen years of age or 37 2/7 weeks and 107 2/7 weeks, respectively, after the death of their father; that Hazel Litton will cease to be a dependent when she attains eighteen years of age, or 223 weeks after the father's death; that the judgment should be broken down to the end that the award of compensation fixed thereby be

apportioned, one-half to Mrs. Litton and one-fourth of the other one-half to each of the minors during dependency, not to exceed, however, in any case, more than 300 weeks; that when this is done it will be revealed that the aggregate of payments made is in excess of the total legally due, for which excess credit should be given by reducing the term of the payments. It is also alleged and admitted that none of said minors is mentally or physically incapable of wage earning. The prayer of the petition is for relief in consonance with the allegations.

"Briefly stated, the theory of plaintiffs in rule is that when each minor attained eighteen years of age, payment of 'his proportion' of the compensation award ceased; that is, after a minor reached eighteen years of age there should be no redistribution of the original weekly payments among the other dependents.

"Defendants in rule excepted to the court's jurisdiction ratione materiae; excepted to the petition as disclosing neither a cause nor a right of action, and filed a plea of res judicata. The exceptions and the plea were sustained as to the main demand but overruled as to the alternative demand.

"Answering, defendants in rule denied that plaintiffs in rule are entitled to any relief whatever and pray that this proceeding be dismissed at their cost.

"After trial on the merits there was judgment rejecting the alternative demand and dismissing the rule. Plaintiffs in rule appealed. In this court defendants in rule press the exceptions and the plea.

"The exceptions, the plea and the merits are so closely related in their legal significance that a discussion of the one may scarcely be indulged in without to some extent touching upon the others. For this reason, we shall generally discuss the issues raised by all the pleadings before finally passing on the case.

"Paragraph (G), Sub-Section 2, section 8 of the Workmen's Compensation Law, Act 20 of 1914, as amended, Act No. 242 of 1928, p. 360, reads:

"'Where there is a surviving widow, widower and child or children, entitled to compensation, the compensation above described shall be paid entirely to the widow or widower for the common benefit of such widow or widower and child or children, and the appointment of a tutor not be necessary.'

"In Paragraph (E) of same Sub-Section, it is provided: 'Payment to such dependents shall be computed and divided among them on the following basis.

"'1. If the widow or widower alone, thirty-two and one-half per centum of wages.

"'2. If widow or widower and one child, forty-six and one-quarter per centum of wages.

"'3. If widow or widower and two or more children, sixty-five per centum of wages.'

"The maximum period for which dependents, including widow, may demand compensation payments is 300 weeks. Sub-Section 2.

"When Litton was killed there were four dependent children under the age of eighteen years, therefore, the maximum of sixty-five per centum of wages was payable entirely to the mother 'for the common benefit of such widow * * * and * * * children.' It was unnecessary under the Workmen's Compensation Law that she qualify as tutrix in order to legally demand and receive the compensation. Having so qualified did not alter her right individually to demand and receive that which the law vouchsafes to her and the children. Therefore, there was no error in law or fact in awarding judgment to Mrs. Litton individually for the full amount of compensation due. And, under the facts as they existed when the judgment was rendered, it was proper to fix the term of payments of compensation at not more than 300 weeks. There was really no need to write into the judgment all the provisions and exceptions of the Workmen's Compensation Law, which, under future developments or happenings, would be cause to suspend in whole or part the judgment's operative effect. To illustrate: The marriage of a dependent is cause for discontinuing compensation payments to him or her. The judgment need not mention this fact. The same is true when there is one or two dependent children not mentally or physically capable of wage earning, when they attain eighteen years of age. In such instances, the employer has the unquestioned right to go into court and secure a modification of the judgment to comport with changed conditions, although such judgment on its face be unconditional in all respects. It is sig-

nificant that the judgment in the present case, after mentioning the names of the cast defendants, says 'under the Workmen's Compensation Laws of Louisiana'. We deem it to have been unnecessary that such reference be made in order that the provisions of that law, as regards dependency, etc., be included therein. Impliedly, at least, such provisions are considered to be a part of such a judgment. The judge a quo possibly, out of an abundance of caution, inserted the quoted words.

"It is certain that the percentage of the deceased laborer's wages to be paid by the employer to widow and child or children, in case of his death, is intended to constitute a common fund for the support of all, in which neither dependent has a definite nor fixed proportion. The percentage payable in any case is arbitrarily fixed and adopted as the measure of the employer's liability. It is not plausible, in view of the plain language of the statute, to say that where there are four dependent children, each is entitled to one-fourth of the weekly compensation payment after deducting one-half (thirty-two and one-half per cent) for the mother's share. The fallacy of such a contention is revealed from analysis. One-fourth of thirty-two and one-half (32 1/2%) per cent is eight and one-eighth (8 1/8%) per cent. Under this theory, when three of the children have attained eighteen years complete and their combined twenty-four and three-eighths (24 3/8%) per cent is deducted, there would be left for the remaining child and widow only forty and five-eighths (40 5/8%) per cent of the decedent's

weekly wages whereas the act declares they should receive forty-six and one-fourth (46 1/4%) per cent thereof. In such a case, reduction takes place only after the dependent children have been reduced to one.

"In the present case, the minor, Hazel, attained eighteen years on October 23d of the present year. She was not eighteen when the rule was sued out. No reduction in the percentage was demandable until she became eighteen.

"Joyce Litton will be eighteen years old after the lapse of 300 full weeks from her father's death. Therefore, plaintiffs in rule are liable for forty-six and one-fourth (46 1/4%) per cent of the decedent's weekly wages from October 23, 1941, date of Hazel Litton's eighteenth birthday, until 300 payments in all have been made.

"Appellants cite and strongly rely upon Selser et al v. Bragmans Bluff Lumber Co., Inc. [La.App.], 167 So. 160, decided by the Orleans Court of Appeal in 1936. What the court held in that case is diametrically in conflict with our conclusions herein with respect to redistribution of compensation. It was held therein that redistribution takes place when a minor reaches eighteen years. In that case the court based its decision upon interpretation of pertinent provisions of the Workmen's Compensation Law as last amended. We here review the vicissitudes of said provisions:

"Sub-Section 2(E) Section 8, Act 20 of 1914, contains this provision:

"'When any minor dependent not physically or mentally incapable of wage earning, shall become eighteen years of age, payment of the portion of compensation theretofore due such minor shall cease.'

"This provision was entirely omitted from Act 243 of 1916 [p. 516], the first amendment of the original act, and the following substituted therefor, to-wit:

"'Should any dependent of a deceased employee die, or should the widow or widower remarry, or should the widower become capable of self-support, or should any dependent not physically or mentally incapacitated from earning pass beyond the age of eighteen years, the payments of the portion of the compensation theretofore due such dependent or widow or widower shall cease. If the compensation payable under this section to any person shall, for any cause, cease, the compensation to the remaining persons entitled hereunder shall thereafter be the same for the unexpired part of the period during which their compensation is payable as would have been payable to them had they been the only persons entitled to compensation at the time of the death of the deceased.'

"This amendment was reproduced in Act 38 of 1918 [p. 56], Act 247 of 1920 [p. 472], Act 43 of 1922 [p. 78] and in Act 216 of 1924 [p. 402]. However, Act 85 of 1926 [p. 118] and Act 242 of 1928 [p. 360] omit the change first introduced by the 1916 Act and readopt the provision as written in the 1914 Act. Because the last expression of legislative will on the subject harks back to the original act and by

implication repeals intervening amendments contrary thereto, the court in the Selser case ruled as above stated.

"We do not think the Legislature's vacillation in the named instances has any material bearing upon the issue tendered herein; that is, on the question of redistribution of compensation when one of the several dependent children reaches eighteen years of age. Each of the various amendatory acts carried the provision that to a dependent widow and two or more dependent children under eighteen years of age shall be paid sixty-five (65%) per cent of the weekly wages of the deceased, and that said amount shall be 'paid entirely to the widow * * * for the common benefit of such widow * * * and child or children', etc.

"The basic reasoning in the Selser case has application in instances of a widow and one dependent child and also where there are two or more dependent children. In such instances the weekly payment undergoes reduction on arrival of the minor at eighteen years of age.

"In view of our conclusion that the judgment sought to be corrected and modified was not obtained or rendered in error of fact or law, the plea of res judicata and the exception to the court's jurisdiction ratione materiae, in so far as concerns the main demand, present only moot questions. The exceptions of no cause and no right of action were properly sustained as to said main demand.

"We are of the opinion that the exception of no cause of action is well founded as against the alternative demand. Appellants' right to have the judgment modified had not arisen when the rule was filed. It did so when the minor, Hazel Litton, reached the age of eighteen years."

For the reasons assigned, the judgment of the Court of Appeal for the Second Circuit is affirmed, at relators' cost.