This is a suit for workmen's compensation. The sole question for consideration involves an interpretation of subsection 2 of section 8 of the Employers' Liability Act (Act No. 20 of 1914, as amended, Act No. 242 of 1928, p. 358) with respect to whether the termination of the liability of the employer to one of several dependents of a deceased employee (because the dependency no longer exists) has the effect of relieving the employer from paying the maximum compensation originally due, where it appears that the remaining dependents would have been entitled to such compensation if they had been the sole dependents. The facts of the case are not in dispute and we find them to be as follows:
Oren Wilson, an employee of the defendant, New Orleans Public Service, Inc., met his death, on October 2d 1936, as the result of injuries received by him whilst in pursuance of his duties as a lineman. He left, as surviving dependents, a widow and three minor sons, David, Jack and Oren Wilson, Jr. The salary earned by the deceased was such that 65% of his weekly wages exceeded the maximum statutory compensation of $20 per week and, consequently, the defendant became liable to the *Page 113 
surviving widow, for herself and for the benefit of her three minor children, for compensation at the rate of $20 per week from the date of the employee's death for a period of 300 weeks. This compensation was paid regularly to the surviving widow by the defendant company for a period of 173 weeks, or until January 25th, 1940, at which time the widow married one James Gillis. After the remarriage of the widow, the defendant company took the position that, since its liability to her had been terminated under paragraph (F) of subsection 2 of section 8 of the Act, the abatement had the effect of relieving it of the obligation of paying the maximum compensation of $20 per week to the employee's children and that, inasmuch as it had been decided in Selser v. Bragmans Bluff Lumber Co., La.App., 146 So. 690; Britt v. Nashville Bridge Co., La.App., 171 So. 493; American Mut. Liability Ins. Co. v. Sanders, La.App., 177 So. 498 and Pointe Coupee Electric M. Corporation v. Pettey, La.App., 6 So.2d 764, that the surviving widow was entitled to one-half of the compensation payable to her and her children, its liability to the decedent's three children was fixed at $10 per week for the remainder of the 300 weeks. Accordingly, the defendant paid Mrs. Gillis, for the benefit of her three children, the sum of $10 per week, which payments were continued for a period of 127 weeks or until the death benefit period of 300 weeks had expired. At the time the defendant reduced the maximum weekly payments, it agreed with Mrs. Gillis that she could accept the smaller payments without prejudicing her right to claim the full $20 per week compensation for the benefit of her children and, in conformity with this stipulation, she, as the duly qualified tutrix of the minors, brought this suit for the purpose of having it determined whether her remarriage had the effect of relieving the defendant from paying the maximum compensation to the surviving children of her former husband.
After a hearing in the district court on this issue, there was judgment in favor of plaintiff for $1,270, representing $10 per week for the remaining 127 weeks during which the full $20 per week was not paid by the defendant. This appeal has been taken by the defendant from the adverse decision.
In support of its position that the remarriage of Mrs. Gillis had the effect not only of relieving it from any liability as to her but also of reducing its responsibility for the maximum weekly compensation of $20, defendant relies chiefly upon the provisions of paragraph (F) of subsection 2 of section 8 of the Employers' Liability Act, as amended, and upon the decision of this court in Selser v. Bragmans Bluff Lumber Co., La.App., 167 So. 160. On the other hand, the plaintiff, while conceding that her remarriage relieved the defendant from further liability to her for compensation, maintains that her children are, nevertheless, entitled to recover the maximum weekly payments of $20 in view of paragraph (E) of subsection 2 of section 8 of the Act which provides that, where there are three or more surviving children, they shall receive the maximum percentage of the employee's wages even though the deceased employee does not leave a surviving widow. In support of this contention, plaintiff cites the recent decision of the Supreme Court in Litton v. Natchitoches Oil Mill, 201 La. 37, 9 So.2d 445.
The pertinent portion of paragraph (F) of subsection 2 of section 8 of the Act reads as follows:
"(F) The marriage or death of a dependent shall terminate payments to such dependent, but shall not affect payments allowed other dependents * * *."
It is argued on behalf of the defendant that the foregoing language is clear and concise; that it simply provides that, when its liability to Mrs. Gillis ceased by reason of her remarriage, the compensation due her children remained unaffected and that, in view of the well-established jurisprudence (the Selser, Britt, Sanders and Pettey cases, supra) holding that payments of compensation to a widow and dependent children are divided in proportions of one-half to the widow and the remaining one-half equally between the minors, its liability to its deceased employee's children remained fixed at $10 per week, or one-half the maximum compensation originally payable.
Our decision in Selser v. Bragmans Bluff Lumber Co., La.App., in 167 So. 160 is in accord with defendant's contention. In that matter, the employee died leaving two dependent children by a previous marriage, a surviving widow and a dependent stepchild. Because of the fact that the two children of the previous marriage were not living with the surviving widow but were residing in Illinois with their legal guardian, the court was required, ex necessitate rei, to make a division of the *Page 114 
compensation payable to the dependents. In these circumstances, we decided that the surviving widow was entitled to one-half of the total compensation due and that the other half should be divided equally among the surviving children. See 146 So. 690. When one of the children reached the age of 18 years, the defendant discontinued payment of the portion of compensation allotted to that child and refused to increase the payments made to the other dependents. Thereupon, the widow and the remaining children instituted suit for the purpose of compelling a readjustment of the compensation payments, contending that the maximum weekly payments of $20 should be reallotted to them. The defendant resisted the demand on the ground that, under the provisions of paragraph (F) of subsection 2 of section 8 of the Act, a readjustment was unauthorized and that the widow and remaining children were entitled to be paid no more than the same compensation which they had received prior to the time the other minor reached the age of 18 years. This court sustained the defendant's contention, being of the opinion that the compensation act, as amended by Act No. 85 of 1926 and Act No. 242 of 1928, which reinstated the applicable provisions of the statute as originally adopted in 1914, did not permit a readjustment of compensation in the event one of the original dependents died, remarried, or became capable of self-support. It was pointed out in our opinion that the Legislature, by its amendment of subsection 2 of section 8 in 1926 and 1928, manifested an intention to deny to the remaining dependents a readjustment of compensation where a change in dependency had occurred because it omitted the provisions set forth in Act No. 243 of 1916 (which were reproduced in the amendments contained in Acts No. 38 of 1918, No. 247 of 1920, No. 43 of 1922 and No. 216 of 1924), wherein it had specifically declared that, in the event the compensation payable to any dependent should cease for any cause, the compensation payable to the remaining persons entitled to such should be the same for the unexpired period during which their compensation is payable as would have been payable to them had they been the only persons entitled to compensation at the time of the death of the employee.
However, the views expressed by us in the Selser case were not shared by the Court of Appeal for the Second Circuit. In Litton v. Natchitoches Oil Mill, La.App., 8 So.2d 751, that court was confronted with the same proposition presented in the Selser case. There, the deceased employee left a widow and four minor children. When the eldest of the minors reached the age of 18 years, the defendant employer, taking the position that it was not only relieved from further payments of compensation to that minor but that the payments to the other dependents could not be proportionately increased under paragraph (F) of subsection 2 of section 8 of the Act, sought to have the judgment previously rendered by the court modified so as to relieve it from payment of the maximum compensation originally decreed. The court, however, held that the maximum compensation should be paid because there still remained a surviving dependent widow and three minor children, who were entitled, by the provisions of paragraph (E) of the same subsection, to such compensation. The court expressed the opinion that, in view of the fact that the maximum compensation was payable to the widow as a common fund for the joint benefit of herself and her children under paragraph (G) of subsection 2 of section 8 of the Act, a division of the compensation between the dependents was unauthorized and that no one of the dependents had a definite or fixed proportion in such fund. Hence, it reasoned that, since the status of the common fund had not been changed by the fact that one of the minors had reached the age of 18 years, the remaining dependents were entitled to be paid the full compensation provided by law, forasmuch as the elimination of one of the minors as a dependent did not alter the amount of compensation due to the surviving widow and three minor children as provided in paragraph (E) of the same subsection. And the court refused to follow our decision in Selser v. Bragmans Bluff Lumber Co., stating that opinion was diametrically in conflict with the views it entertained.
Thereafter, the defendant in the Litton case applied to the Supreme Court for writs of review. The writs were granted because of the conflict existing between the holding in that case and the contrary view in the Selser case. Subsequently, the Supreme Court (see 201 La. 37, 9 So.2d 445) adopted the opinion of the Court of Appeal in the Litton case, declaring that it represented an accurate statement of the law. *Page 115 
The defendant in the instant matter does not and cannot offer any plausible distinction between the situation appearing here and that presented to the Supreme Court in the Litton case. Consequently, it is our plain duty to follow the decision of the Supreme Court, which we understand to be that an employer required to pay maximum compensation to the dependents of a deceased employee cannot be relieved from payment of the full compensation originally due merely because one of those dependents has ceased to be such, where the remaining dependents would have been entitled to the maximum compensation if they had been the sole dependents at the time of the death of the employee. In other words, in a case like this, where the maximum compensation is due since the deceased employee left a widow and three minor children, the fact that the widow has remarried does not relieve the defendant from liability to her children for such maximum compensation because, if the deceased had originally been survived by the three dependent children, these children would, under subparagraph 6 of paragraph (E) of subsection 2 of section 8 of the Act, have been entitled to receive 65% of the employee's wages which (admittedly in this case) exceeds the maximum of $20 per week payable under the Act.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed. *Page 272