ELLIS, Judge.
Plaintiff has filed this suit for compensation individually and as natural tutrix of her three minor children, Raymond, Ronald and Wilton Lajaunie, as a result of the electrocution of her minor son on the 12th day of May, 1950 while in the employ of the Rex Ice Cream Company, a commercial partnership composed of Frederick & Dave Shouest and John L. Saucier. Also made a party defendant is the insurer of the Rex Ice Cream Company.
Plaintiff alleged the accidental death in the course and Scope of his employment and that her son’s average weekly wage was $19.92 and that she and her three minor children were all members of the same family, living under one roof with her deceased son, and that she and her three • minor children were actually and wholly dependent upon the earnings of the deceased son for their support at the time of his accidental death, and that, therefore, she, as the sole surviving parent, and the three named brothers as the full blood brothers of the deceased, being actually and wholly dependent upon his earnings at the time of the accident and death, are entitled to a judgment against the defendant for a weekly sum amounting to 65% of his wages for a period of 300 weeks, and also prayed *204 that she he allowed $320 medical, burial and contingent expenses arising out of the accidental death of her son.
Defendants in their answer admit the accident and death but deny that the deceased was acting within the course or scope of his employment which defense has been abandoned on appeal. Defendant also denied the dependency of the mother and three sons as well as the alleged average weekly pay of the deceased, stating that he was employed at the rate of 40^ per hour for 40 hours per week, making a weekly salary of $16.
On these issues the case was tried and judgment rendered in favor of the plaintiff individually and on behalf of her three minor children as prayed for, and it is from this judgment that the defendants have prosecuted an appeal.
The defendant in this Court concedes that the defense set out in its answer is not well taken and only argues as to dependency, the rate of pay earned by decedent and the rate of compensation.
The first question to be decided is the dependency if any and to what extent. Under the Compensation Act, LSA-Revised Statutes of 1950, 23:1251, it is provided:
“Persons conclusively presumed dependents
“The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
“(1) A wife upon a husband with whom she is living at the time of his accident or death.
“(2) A husband, mentally or physically incapacitated from wage earning, upon a wife with whom he was living at the time of her accident or death.
“(3) A child under the age of eighteen years (or over eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the injury of the parent.”
In LSA-R.S. 23:1252 the law provides:
“Determination of dependency in other cases
“In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time’ of the accident and death; in such other cases if there are a sufficient number of persons wholly dependent to take up the maximum compensation, the death benefit shall be divided equally among them, and persons partially dependent* if any, shall receive no part thereof.”
LSA-R.S. 23:1253 provides:
“Membership in family or relationship
“If there is no one wholly dependent and more than one person partially dependent, so much of the death benefit as each is entitled to shall be divided among them according to the relative extent of their dependency. No person shall be considered a dependent, unless he is a member of the family of the deceased employee, or bearing to him the relation of husband or widow, or lineal descendant or ascendant, or brother or sister, or child.”
LSA-R.S. 23:1231 provides:
“Death of employee; payment to dependents
“For injury causing death within one year after the accident there shall be paid to the legal dependents of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided, for a period of three hundred weeks. If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.”
It is obvious from the law above cited that the plaintiff and her three minor *205 sons are not among those enumerated as being conclusively presumed as dependents, and the burden was upon them to prove their dependency and the extent thereof. The facts proven in this case were that the deceased was slightly less than 19 years of age when he was accidentally killed and was one of five children, four sons and an older sister, composing the family of his widowed mother. The deceased had started work for the Rex Ice Cream Company at about 11:00 A.M. on May 1, 1950 and met his death on May 12, 1950. Prior to this time he had not worked since November 12, 1949 which was with the Bijou Theatre at a total salary of $9 per week of which amount 9‡ was taken out each week as tax.
It is shown that the deceased lived at home with his mother, sister and three younger brothers, and the Lower Court found as a matter of fact that the deceased had given his mother all of his weekly wages, and we find no error therein. It is ■further shown that his older sister was also employed and contributed $10 a week for board and lodging.
The defendant offered some unimpressive testimony that the son sometimes took his breakfast at the' plant and paid for ■it himself, as well as having bought cigarettes on some occasions. The plaintiff testified that when the deceased would go -out she would give him one or two dollars for expenses and on one occasion gave him a small amount of money for a corsage. After a careful consideration of the entire testimony, we are of the opinion that the plaintiff has borne the burden of proof necessary to prove that the deceased contributed all or substantially all of his ■weekly wages to the support of his mother .and three brothers. Defendant made much ■of the fact that the older sister during her ■employment had listed her mother and brothers as dependents. While such testimony is to be considered, it is of no value in the face of the positive testimony in this record.
In the case of Duos v. Gravier & Harper, 185 So. 665, 666, decided by this Court, the mother of the deceased sued for compensation because of the death of her unmarried minor son who was making $12 a week. It was shown that his wages were pooled with the wages of his father, who also earned $12 a week. The court held: “ * * It is obvious that the parents were not wholly dependent on the decedent for support, as the father contributed the same amount to the common fund as did the deceased son; but it appears equally as obvious that they were dependent on the decedent’s whole income, which, aside from the fact that the wages of a minor lawfully ■belong to the parents, was willingly and cheerfully contributed by him.” (Emphasis added.)
Again, this court, in the case of Guidry v. Swift & Company, 199 So. 619, held that where an unmarried minor son contributed all or substantially all of his earnings to the support of his parents and family, they were entitled to recover 65% of his weekly wages for 300 weeks.
In the case of Hamilton v. Consolidated Underwriters, 21 So.2d 432, 433, our brethren of the Second Circuit held:
“As, under the Employers’ Liability Act, dependency for support to any extent of a mother and/or sister or brother upon the earnings of a deceased son and brother, is not presumed, of necessity such relations carry the onus of proving dependency in whole or part as a condition precedent to recovery of workmen’s compensation. That. burden has been met in the present case.
“Defendant contends that 'because Earl Hamilton did not contribute the entirety of his monthly wages to his mother she was only partially dependent upon him for support, and to support this position, relies upon the provisions of Subsection 2 of Section 8 of the Employers’ Liability Act, Act No. 242 of 1928, p. 386, which prescribe the method by which compensation payments in a case of partial dependency are determined. It is argued, in these circumstances, that $3 per week is the maximum amount due Mrs. Hamilton individually.
“We do not think defendant’s position sound. It is easy to perceive that if the law on this issue were as con *206 tended, absurdities and injustices could and would result. The present case forcefully illustrates this. To so construe the pertinent beneficent provisions of the Employers’ Liability Act would do violence to obvious reasons motivating, their adoption by the law making power. It suffices if the mother is dependent upon the son and receives from him a respectable amount from his earnings to provide her subsistence.”
The mother under the facts is entitled to 32%% of the wages of the deceased for 300 weeks. LSA-R.S. 23:1232 (7). In view of the fact that recovery is limited to 65'% for 300 weeks, LSA-R.S. 23:1232(8), the recovery on behalf of her three minor sons being limited under the above provision of the law to 32%%, together they are entitled to a judgment for the maximum amount allowed.
It is next necessary to decide the rate of pay of the deceased and the rate of compensation. He began work at 11:00 o’clock A.M. and made five hours on that day and nine hours on the other days of the week, except May 5, when he made six and one-half hours, making .a total of thirty-eight and one-half hours for which he was paid $15.40. During the following week he made nine hours on two days and ten and one-half hours on two days. He was killed on May 12 at which time he had made five hours, however, he was paid for a full day of nine hours. He was paid for a full forty-eight hour week for which his mother received $20.22 less 30 ‡ social security.
While the defendant admits that the deceased received $20.22 for a forty-eight hour week, he contends that the overtime should not be taken into consideration. We do not agree with this contention but believe that 48 hours should be. taken as the normal working week for the deceased and the amount paid him for such a week should be used for the purpose of calculating the compensation, all as contended by the plaintiff. However, we cannot use weekly wages of $20.22 as a basis for calculating the compensation due in view of the fact that the plaintiff prayed for 65% of $19.92 which is $12.95. The District Court used the latter figure and correctly so.
Counsel for defendant has raised one other question on this appeal. He states that as the record shows Raymond Lajaunie became 18 years of age on January 12, 1951, under LSA-R.S. 23:1233, which provides for the stopping of all compensation payments to any minor dependent on his 18th birthday unless such minor is mentally and physically incapable of wage earning, therefore, as to Raymond the effect of the judgment should be limited to January 12, 1951. This argument is answered by the case of Gillis v. New Orleans Public Service, Inc., La.App., 14 So.2d 112, and Litton v. Natchitoches Oil Mill, La.App., 8 So.2d 751, Id., 201 La. 37, 9 So.2d 445. In the Gillis case it was stated [14 So.2d 115]:
“The defendant in the instant matter does not and cannot offer any plausible distinction between the situation appearing here and that presented to the Supreme Court in the Litton case. Consequently, it is our plain duty to follow the decision of the Supreme Court, which we understand to be that an employer required to pay maximum compensation to the dependents of a deceased employee cannot be relieved from payment of the full 'compensation originally due merely because one of those dependents has ceased to be such, where the remaining dependents would have been entitled to the maximum compensation if they had been the sole dependents at the time of the death of' the employee. In other words, in a case like this, where the maximum compensation is due since the deceased employee left a widow and three minor children, the fact that the widow has remarried does not relieve the defendant from liability to her children for such maximum compensation because, if the deceased had originally been survived by the three dependent children, these children would, under subpara-graph 6 of paragraph (E) of subsection 2 of Section 8 of the Act, have been entitled to receive 65% of the em *207 ployee’s wages which (admittedly in this case) exceeds the maximum of $20 per week payable under the Act.”
In the present case, had there been no Raymond Lajaunie, the dependent mother and two -brothers would have been entitled to the maximum compensation and the defendant is therefore not entitled to any reduction.
Judgment affirmed.